IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORINDA WINEBURG,<br><br>   Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, LLC; FAMILY DOLLAR STORES OF GEORGIA, INC.; MBC DEVELOPMENT, LP; MBC PROPERTIES, LP; DOLLAR TREE STORES, INC.; ALEXANDRIA VENTURES II, LLC; and X, Y Individual(s) and/or Z CORPORATION(S), whose true name(s) are unknown to Plaintiff,<br><br>   Defendants. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW Family Dollar Stores of Georgia, LLC formerly known as Family Dollar Stores of Georgia, Inc. by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1. A civil action has been filed and is now pending in the State Court of DeKalb County, State of Georgia, designated as Civil Action File No. 21-A-00288.

2. The Summons and Complaint in that action were filed in the State Court of DeKalb County on January 21, 2021. Family Dollar was served on January 22, 2021. Thus, Family Dollar timely files this petition for removal.

3. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibit "A").

4. Defendant Family Dollar is now, was at the commencement of this suit, and at all times since been a limited liability corporation organized and existing under the laws of the Virginia. Defendant has one member, which is Family Dollar Stores, Inc., an entity organized under the laws of Delaware and having its principal place of business in Virginia.

5. In her lawsuit, Plaintiff has also named MBC Properties, LP, MBC Development, LP, and Alexandria Ventures, II, LLC as the owner and/or landlord of the Family Dollar store. MBC Properties, LP is a limited partnership organized in Pennsylvania with its principal office located in Schuylkill Haven, Pennsylvania. MBC Properties, LP's general partner is MBC Management, LLC located in Schuylkill Haven, Pennsylvania. MBC Development, LP is a limited partnership organized in Pennsylvania with its principal office located in Schuylkill Haven, Pennsylvania. MBC Development, LP's general partner is Miller Properties Management, LLC located in Schuylkill Haven, Pennsylvania. Alexandra Ventures,

II, LLC is a limited liability company with its principal office located in Suwanee, Georgia.

MBC Properties, LP and MBC Development, LP are improper parties as there is no agreement between Family Dollar and the same. The initial lease agreement for the subject property was between Family Dollar and Alexandria Ventures II, LLC. A copy of the lease is attached as Exhibit "B." The lease was assigned on July 9, 2012 to MBC Grings Hill, LP. A copy of the assignment is attached as Exhibit "C." To further solidify the relationship between the parties, the Second Amendment to Lease Agreement dated November 9, 2020 is between MBC Grings Hill, LP and Family Dollar Stores of Georgia, LLC. A copy of the Second Amendment to Lease Agreement is attached as Exhibit "D." MBC Grings Hill, LP is a limited partnership with its principal office located in Schuylkill Haven, Pennsylvania. The general partner for MBC Grings Hill, LP is Grings Hill Management, LLC a limited liability company organized in Pennsylvania with its principal office in Schuylkill Haven, Pennsylvania. The members of Grings Hill Management, LLC are James L. Miller, a resident of Pennsylvania, James W. Miller, a resident of Wyoming, and Rebecca Hoover, a resident of Pennsylvania. Upon information and belief, the three members of Grings Hill Management LLC are also the limited partners of MBC Grings Hill, LP.

Plaintiff named Alexandria Ventures II, LLC solely for the purpose of destroying diversity. When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," see Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. The defendant must make such a showing by clear and convincing evidence. See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir.1962).

Since MBC Development, LP, MBC Properties, LP, and Alexandria Ventures, II, LLC are not the landlord of the subject property and were not the landlord of the subject property at the time of the alleged incident, Plaintiff cannot establish a cause of action against them. Therefore, the citizenship of the three aforementioned defendants should not be considered.

6. Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one

that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. In Ms. Wineburg's Complaint, she claims she slipped and fell on September 28, 2018, injuring herself in the fall. Specifically, she claims she suffered a lis franc fracture of her right foot requiring numerous surgeries. (Complaint, ¶ 26). She is seeking damages for medical expenses and for her physical, mental, and emotional pain and suffering (past, present and future). Ms. Wineburg's counsel has indicated that her medical expenses total almost $100,000.00.

In Harris v. Bloomin' Brands, Inc., 1:18:-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's

allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

Here, similar to the plaintiff in Harris, Ms. Wineburg alleges that she fractured her right foot and has already had numerous surgeries on same. Ms. Wineburg further alleges that she suffered additional unnamed injuries and that her injuries are serious and continue to cause her pain and suffering. These allegations are similar to the allegations in both Harris and Johnson. Accordingly, based on these similarities to these recent cases, it is clear that the jurisdictional minimum is met here.

8. Defendants are not citizens of the State in which the State Court action is brought.

9. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

10. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of DeKalb County, Georgia marked as Exhibit "E."

11. This action is currently pending in the State Court of DeKalb County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

12. All non-fraudulently joined Defendants consent to this removal. Please see the attached email correspondence as Exhibit "F."

13. Family Dollar and Dollar Tree Defendants file their Answer contemporaneously herewith.

WHEREFORE the Defendants pray the above action now pending before the State Court of DeKalb County, Georgia be removed to this Court's jurisdiction.

This 22nd day of February, 2021.

>Goodman McGuffey LLP
>Attorneys for Family Dollar Stores of Georgia, LLC; Family Dollar Stores of Georgia, Inc; and Dollar Tree Stores, Inc.
>
>By:   /s/James T. Hankins, III
>JAMES T. HANKINS, III
>GA Bar No.  188771
>jhankins@GM-LLP.com
>SAMANTHA M. MULLIS
>GA Bar No.  365592
>smullis@gm-llp.com
>3340 Peachtree Road NE, Suite 2100
>Atlanta, GA 30326-1084
>(404) 264-1500 Phone
>(404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LORINDA WINEBURG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA, LLC; FAMILY DOLLAR STORES OF GEORGIA, INC.; MBC DEVELOPMENT, LP; MBC PROPERTIES, LP; DOLLAR TREE STORES, INC.; ALEXANDRIA VENTURES II, LLC; and X, Y Individual(s) and/or Z CORPORATION(S), whose true name(s) are unknown to Plaintiff,<br><br>　　　　Defendants. | Civil Action<br>File No.:　　21A00288 |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

William A. Buchanan, Esq.
Bill Buchanan, LLC
P.O. Box 5581
Columbus, GA 31906
bill@billbuchananlaw.com

Page 2

MBC Development, LP
950 E. Main Street,
P. 0. Box 472,
Schuylkill Haven, PA, 17972

MBC Properties, LP
950 E. Main Street,
P. 0. Box 472,
Schuylkill Haven, PA, 17972

Alexandria Ventures II, LLC
54 Satellite Blvd. NW, Suite 302,
Suwanee, Georgia 30024

This 22nd day of February, 2021.

       _/s/ James T. Hankins, III_____
JAMES T. HANKINS, III
GA Bar No.  188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax