# EXHIBIT "A"

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LORINDA WINEBURG, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action File No.: 21A00288 |
| | * | |
| FAMILY DOLLAR STORES OF | * | |
| GEORGIA, LLC; | * | |
| FAMILY DOLLAR STORES OF | * | |
| GEORGIA, INC.; | * | |
| MBC DEVELOPMENT, LP; | * | |
| MBC PROPERTIES, LP; | * | |
| DOLLAR TREE STORES, INC.; | * | |
| ALEXANDRIA VENTURES II, LLC; and | * | |
| X, Y Individual(s) and/or Z | * | |
| CORPORATION(S), whose true name(s) | * | |
| are unknown to Plaintiff, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## COMPLAINT

COMES NOW LORINDA WINEBURG, Plaintiff in the above-captioned action, and files this Complaint against FAMILY DOLLAR STORES OF GEORGIA, LLC; FAMILY DOLLAR STORES OF GEORGIA, INC.; MBC DEVELOPMENT, LP; MBC PROPERTIES, LP; DOLLAR TREE STORES, INC.; ALEXANDRIA VENTURES II, LLC; and X, Y Individual(s) and/or Z CORPORATION(S), whose true name(s) are unknown to Plaintiff, Defendants, showing to the Court the following:

1.

Defendant FAMILY DOLLAR STORES OF GEORGIA, LLC (hereinafter "Defendant," or "Family Dollar, LLC"), is a foreign corporation authorized to transact business in the State of Georgia. Defendant's Principal Place of Business is located at 500 Volvo Parkway, Chesapeake,

1

VA 23320. Defendant Family Dollar, LLC is believed to own and to operate Family Dollar Store No. 8474, located at 2500 Snapfinger Rd, Decatur, GA 30034-2319, which is where the incident giving rise to Plaintiff's Complaint occurred on or about September 28, 2018.

2.

Defendant FAMILY DOLLAR STORES OF GEORGIA, INC. (hereinafter "Defendant," or "Family Dollar, Inc."), is believed to be a domestic corporation authorized to transact business in the State of Georgia, which corporation is believed to have been merged into the surviving foreign corporation, Family Dollar Stores of Georgia, LLC, in approximately January of 2016. This Defendant is sued and served out of an abundance of caution. Defendant Family Dollar, Inc. is believed to own and to operate Family Dollar Store No. 8474, located at 2500 Snapfinger Rd, Decatur, GA 30034-2319, which is where the incident giving rise to Plaintiff's Complaint occurred on or about September 28, 2018.

3.

Defendant MBC DEVELOPMENT, LP (hereinafter "Defendant," or "MBC Development"), is believed to be (or to have been at the time of this incident) a foreign corporation authorized to transact business in the State of Georgia. Defendant's Principal Place of Business is located at 950 E. Main Street, P.O. Box 472, Schuylkill Haven, PA, 17972.

4.

Defendant MBC PROPERTIES, LP (hereinafter "Defendant," or "MBC Properties"), is a foreign corporation authorized to transact business in the State of Georgia. Defendant's Principal Place of Business is located at 950 E. Main Street, P.O. Box 472, Schuylkill Haven, PA, 17972.

5.

Defendant DOLLAR TREE STORES, INC. (hereinafter "Defendant," or "Dollar Tree"), is a foreign corporation authorized to transact business in the State of Georgia. Defendant's Principal Place of Business is located at 500 Volvo Parkway, Chesapeake, VA 23320.

6.

Defendant ALEXANDRIA VENTURES II, LLC (hereinafter "Defendant," or "Alexandria Ventures II"), is a domestic corporation authorized to transact business in the State of Georgia. Defendant's registered office is located at 454 Satellite Blvd. NW, Suite 302, Suwanee, Gwinnett County, Georgia 30024.

7.

Defendant Family Dollar, LLC's registered agent for service of process is Corporation Service Company, and Defendant Family Dollar LLC can be served through its registered agent at 40 Technology Parkway South, No. 300, Norcross, Gwinnett County, Georgia 30092. Defendant can also be served through a managing agent at Family Dollar Store No. 8474, located at 2500 Snapfinger Rd, Decatur, GA 30034-2319.

8.

Defendant Family Dollar, Inc.'s registered agent for service of process is Prentice-Hall Corp System, Inc., and Defendant Family Dollar, Inc. can be served through its registered agent at 100 Peachtree Street, Atlanta, Fulton County, Georgia 30303. Defendant can also be served through a managing agent at Family Dollar Store No. 8474, located at 2500 Snapfinger Rd, Decatur, GA 30034-2319.

3

9.

Defendant MBC Development's registered agent for service of process is National Registered Agents, Inc., and Defendant MBC Development can be served through its registered agent at 289 South Culver Street, Lawrenceville, Fulton County, Georgia 30046-4805.

10.

Defendant MBC Properties' registered agent for service of process is National Registered Agents, Inc., and Defendant MBC Properties can be served through its registered agent at 289 South Culver Street, Lawrenceville, Fulton County, Georgia 30046-4805.

11.

Defendant Dollar Tree's registered agent for service of process is Corporation Service Company, and Defendant can be served through its registered agent at 40 Technology Parkway South, No. 300, Norcross, Gwinnett County, Georgia 30092.

12.

Defendant Alexandria Ventures II's registered agent for service of process is Gerald R. Stinnett, and Defendant Alexandria Ventures II can be served through its registered agent at 454 Satellite Blvd. NW, Suite 302, Suwannee, Gwinnett County, Georgia 30024.

13.

Defendant X, Y Individual(s) and/or Z Corporation(s) are individuals and/or entities whose tortious acts and/or omissions may have caused and/or contributed to the injuries complained of in this Complaint. However, despite diligent attempts by Plaintiff and Plaintiff's counsel, the identities of X, Y Individual(s) and/or Z Corporation(s) are unknown to Plaintiff. The identities of X, Y Individual(s) and/or Z Corporation(s) will be ascertained through discovery of this matter.

14.

Plaintiff is a resident of Dekalb County, Georgia, and hereby subjects herself to the jurisdiction of this Court.

15.

Defendants are subject to the jurisdiction of this Court, as Defendants' Dollar Tree Store No. 8474 is located at 2500 Snapfinger Road, Decatur, DeKalb County, Georgia 30034-2319, and as the incident (including the tortious acts and/or omissions of Defendants) giving rise to Plaintiffs' Complaint occurred at Defendants' aforesaid Family Dollar Store No. 8474, located within DeKalb County, Georgia.

16.

Venue is proper in DeKalb County, Georgia, as the incident giving rise to Plaintiff's Complaint occurred at Defendants' store in DeKalb County, Georgia, and as the Defendants own and operate a Family Dollar facility in DeKalb County, Georgia (where the incident took place, Family Dollar Store No. 8474) located at 2500 Snapfinger Rd, Decatur, DeKalb County, GA 30034-2319.

17.

To the extent necessary under O.C.G.A. §§ 9-3-33, 9-3-90, et seq., and 38-3-60, et. seq., Plaintiff pleads that, as this incident occurred on September 28, 2018, the statute of limitations on this claim initially began to run on September 28, 2018. O.C.G.A. § 9-3-99; *Beneke v. Parker*, 285 Ga. 733 (2009); *Harrison v. McAfee*, 338 Ga.App. 393 (2016). Prior to the running of the original statute of limitations in this action (which statute was set to expire on September 28, 2020, as explained above), the statute of limitations was tolled, by Order(s) of the Supreme Court of Georgia, which Supreme Court of Georgia Order Declaring Judicial Emergency was dated March

14, 2020 (with an Amended Order dated March 15, 2020 applying retroactively). Additionally, the Supreme Court's Judicial Emergency Order has been extended ten times. The Third Extension of that Order declared that all deadlines, statutes of limitations, and time periods that had been tolled since March 14, 2020 would remain tolled but would begin to run again on July 14, 2020. Stated another way, the Supreme Court of Georgia's Third Extension of its Statewide Judicial Emergency Order declared that all tolled deadlines (including statutes of limitations) would be reimposed on July 14, 2020. According to that Third Extension Order (attached hereto), litigants would have the same amount of time on July 14, 2020 to perform any required acts as they would have had on March 14, 2020. As such, the time period in which Plaintiff has to file a lawsuit and to serve Defendant(s) with the same in this case, was tolled for the period of March 14, 2020 until July 14, 2020 (122 days), by Order of the Supreme Court of Georgia dated March 14, 2020, as well as by the Court's Third Extension of that Order. As such, Plaintiff has until, through, and including 122 (one hundred twenty-two) days from the date that the statute was set to run in this matter (September 28, 2020) to timely file this lawsuit **(in other words, until, through, and including January 28, 2021).** The Supreme Court of Georgia's Order(s) tolling the deadlines as described above, are attached collectively as Exhibits A, B, C, D, E, F, G, H, I, J, K, & L to this Complaint, respectively. As such, Plaintiff shows that this lawsuit is timely filed.

18.

On September 28, 2018, and at all times relevant, Defendants owned and operated the above-described Family Dollar Store No. 8474, located at 2500 Snapfinger Road, Decatur, DeKalb County, Georgia facility in Columbus, Muscogee County, Georgia 30034-2319.

6

19.

The above-referenced facility (hereinafter referred to as "Family Dollar No. 8474") was open to the general public on September 28, 2018.

20.

On September 28, 2018, at approximately 2:00 P.M., Plaintiff LORINDA WINEBURG was shopping at Defendants' above-referenced Family Dollar Store No. 8474.

21.

As Plaintiff LORINDA WINEBURG walked out of the Defendants' store, she stepped onto a walkway in front of Defendants' store to go to her car and leave the premises. While walking with reasonable and due care on that walkway, Plaintiff suddenly and unexpectedly fell violently to the ground on an oil and water mixture which Defendants negligently allowed to accumulate on their walkway and on a step down that was on the walkway. Plaintiff was seriously injured as a result of her fall at Defendants' Family Dollar Store No. 8474.

22.

The oil and water mixture on Defendants' walkway and step down in front of the Family Dollar store at issue (Family Dollar Store No. 8474) constituted a hazard of which Defendants had actual or constructive knowledge, but of which hazard Plaintiff had no knowledge.

23.

Additionally, Plaintiff could not see the step down on Defendants' walkway in front of the subject Family Dollar Store as she was leaving Defendants' store even though she was exercising due care for her own safety, as there were no warning signs or other items to alert Plaintiff that there was a step down, as the color of the step down blended in with the rest of the sidewalk, and as Plaintiff had never traversed the portion of the walkway with the step down before.

7

24.

The aforementioned single step down on Defendants' walkway in front of their Family Dollar store constituted a hazard, of which Defendants had actual and/or constructive knowledge, and of which Plaintiff had no knowledge.

25.

The aforementioned step down was defectively and negligently designed and implemented on the subject property by Defendants and constituted a hazard on the property.

26.

As a result of the terrible fall she suffered caused by Defendants' negligence, Plaintiff LORINDA WINEBURG suffered serious injuries (including, but not necessarily limited to, a serious lis franc fracture of her right foot and additional injuries, with Plaintiff's injuries requiring numerous surgeries to repair) which injuries have caused, and will continue to cause, her significant pain and suffering, for which she is entitled to recover compensation from Defendants.

27.

Plaintiff LORINDA WINEBURG has incurred and will continue to incur medical expenses and other special damages as a result of her injuries negligently caused by Defendants, for which she is entitled to recover compensation from Defendants.

28.

Defendants' negligence in failing to keep the premises and approaches at the above-referenced Family Dollar Store No. 8474 reasonably safe for business invitees, as well as Defendants' negligence in causing the above-referenced hazard(s) (upon which Plaintiff fell) to be located on Defendants' premises and failing to warn Plaintiff of the hazard(s), proximately caused Plaintiff's above-described injuries and damages.

8

WHEREFORE, Plaintiff LORINDA WINEBURG requests that she be given the following relief:

a) That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

b) That Plaintiff LORINDA WINEBURG be awarded damages to compensate her for her physical, mental, and emotional pain and suffering (past, present and future) proximately caused by Defendants' above-described negligence, as determined by the enlightened conscience of a fair and impartial jury;

c) That Plaintiff LORINDA WINEBURG be awarded damages to compensate her for her medical and other necessary expenses which were incurred, and which will be incurred in the future, as a proximate result of Defendants' above-described negligence, which amount shall be specifically proved at trial;

d) That Plaintiff LORINDA WINEBURG be given the judgment of this Court;

e) That Plaintiff LORINDA WINEBURG be given a trial by jury; and

f) That the costs of this action be cast against Defendants.

Respectfully submitted this 21st day of January, 2021.

BILL BUCHANAN, LLC

BY: _____

William A. Buchanan
State Bar of Georgia No. 144226
Attorney for Plaintiff

Post Office Box 5581
Columbus, Georgia 31906
(706) 641-2455

9

STATE COURT OF
DEKALB COUNTY, GA.
1/21/2021 4:10 PM
E-FILED
BY: Monica Gay



SUPREME COURT OF GEORGIA

FILED
**Administrative Minutes**
MAR 14 2020

Thérèse S. Barnes,
Clerk/Court Executive
SUPREME COURT OF GEORGIA

March 14, 2020
**(Amended)**

# ORDER DECLARING STATEWIDE JUDICIAL EMERGENCY

WHEREAS, the Governor has determined that a Public Health State of Emergency exists in the State of Georgia due to the spread of the Coronavirus/COVID-19, and whereas that state of emergency constitutes a "judicial emergency" pursuant to OCGA § 38-3-60 et seq., see OCGA § 38-3-60 (2).

Now therefore, pursuant to OCGA § 38-3-61, the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, DOES HEREBY ORDER AND DECLARE a Statewide Judicial Emergency in the State of Georgia. The nature of this emergency is the continued transmission of Coronavirus/COVID-19 throughout the State and the potential infection of those who work in or are required to appear in our courts.

Thus, in order to protect the health, safety, and liberty of all citizens in this State, the undersigned hereby declares a Statewide Judicial Emergency affecting all courts and clerk's offices in the State as it relates to all judicial proceedings.

To the extent feasible, courts should remain open to address essential functions, and in particular courts should give priority to matters necessary to protect health, safety, and liberty of individuals. Essential functions are subject to interpretation; however, some matters that fall into the essential function category are: (1) where an immediate liberty or safety concern is present requiring the attention of the court as soon as the court is available; (2) criminal court search warrants, arrest warrants, initial appearances, and bond reviews; (3) domestic abuse temporary protective orders and restraining orders; (4) juvenile court delinquency detention hearings and emergency removal matters; and (5) mental health commitment hearings.

In addition, trials in any criminal case for which a jury has been empaneled and the trial has commenced as of the date of this order shall continue to conclusion, unless good cause exists to suspend the trial or declare a mistrial.  The decision whether to suspend a criminal trial or declare a mistrial rests with the judge presiding over the case.

To the extent court proceedings are held, they should be done in a manner to limit the risk of exposure, such as by videoconferencing, where possible.

Pursuant to OCGA § 38-3-62, during the period of this Order, the undersigned hereby suspends, tolls, extends, and otherwise grants relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any: (1) statute of limitation; (2) time within which to issue a warrant; (3) time within which to try a case for which a demand for speedy trial has been filed; (4) time within which to hold a commitment hearing; (5) deadline or other schedule regarding the detention of a juvenile; (6) time within which to return a bill of indictment or an accusation or to bring a matter before a grand jury; (7) time within which to file a writ of habeas corpus; (8) time within which discovery or any aspect thereof is to be completed; (9) time within which to serve a party; (10) time within which to appeal or to seek the right to appeal any order, ruling, or other determination; and (11) such other legal proceedings as determined to be necessary by the authorized judicial official.

**This Statewide Judicial Emergency shall terminate on April 13, 2020, at 11:59 p.m., unless otherwise extended.**

Should the state of emergency extend beyond the period indicated above or should the nature of the emergency otherwise require modification, a determination of available alternative remedies for the conduct of court business will be made as necessary, and a corresponding order will be entered and distributed in accordance with Georgia law.

2

IT IS FURTHER ORDERED, pursuant to OCGA § 38-3-63, that notice and service of a copy of this Order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Georgia Court of Appeals, such service to be accomplished through means to assure expeditious receipt, which include electronic means; and

IT IS FURTHER ORDERED that notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this Order to the affected parties, counsel for the affected parties, and the public.

IT IS SO ORDERED this 14th day of March, 2020.

Chief Justice Harold D. Melton
Supreme Court of Georgia

cc:
Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council

Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

, Clerk

4



SUPREME COURT OF GEORGIA

FILED
Administrative Minutes

APR 0 6 2020
Therese S. Barnes,
Clerk/Court Executive
SUPREME COURT OF GEORGIA

April 6, 2020

## ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

Pursuant to OCGA § 38-3-61, and due to the continuing statewide emergency involving the transmission of Coronavirus/COVID-19, the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, does hereby extend the March 14, 2020 (amended) Order Declaring Statewide Judicial Emergency, which would have expired on April 13, 2020 at 11:59 p.m., until Wednesday, May 13, 2020, at 11:59 p.m., unless otherwise further modified or extended. The Chief Justice will provide notice as to the expected termination of the Order at least one week in advance to allow courts to plan the transition to fuller operations.

With regard to matters not deemed essential functions under the Statewide Judicial Emergency Order, courts and litigants are encouraged to proceed to the extent feasible and consistent with public health guidance, for example through the use of teleconferences and videoconferences, to reduce backlogs when the judicial emergency ends.

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism.

It is ordered, pursuant to OCGA § 38-3-63, that notice and service of a copy of this Order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Georgia Court of Appeals, such service to be accomplished through means to assure expeditious receipt, which include electronic means; and

It is further ordered that notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this Order to the affected parties, counsel for the affected parties, and the public.

PLAINTIFF'S EXHIBIT

IT IS SO ORDERED this 6th day of April, 2020.

Chief Justice Harold D. Melton
Supreme Court of Georgia

cc:
Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

, Clerk

 SUPREME COURT OF GEORGIA

FILED
Administrative Minutes
May 11, 2020
Thérèse S. Barnes,
Clerk/Court Executive
SUPREME COURT OF GEORGIA

## SECOND ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. Due to the continuing statewide emergency, on April 6, 2020, the Order was extended until May 13, 2020. While the work of the courts in Georgia has gone forward on essential and critical matters, and most courts have continued some non-essential court operations, in particular by using technology to conduct proceedings remotely, most court facilities are not prepared to comply with social distancing and other public health requirements to safeguard the health of litigants, lawyers, judges, court personnel, and the public during extensive in-court proceedings or proceedings involving a large number of people. After consulting with the Judicial Council of Georgia and other judicial partners, and recognizing that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, it is hereby determined that the statewide judicial emergency Order should be extended, with some clarifications and modifications as well as directions regarding efforts to resume court operations in a manner that protects public health.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Wednesday, May 13, 2020, at 11:59 p.m., is further extended until Friday, June 12, 2020, at 11:59 p.m. All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended, with the following clarifications, modifications, and directions. Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.


PLAINTIFF'S
EXHIBIT

1.    Guidance on Application of the Order

Included in the Appendix to this Order are several guidance documents that clarify the application of the Order in particular contexts: tolling of filing deadlines; tolling of statutes of limitations; deadlines and time limits defined by reference to terms of court; and the continued authority of grand juries impaneled prior to the issuance of the Order. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. It should be noted, however, that as discussed in Section 6 below, judges are being granted authority on a case-specific basis to reimpose certain deadlines that would otherwise be tolled by the Order or establish new deadlines or schedules.

2.    Prohibition on Jury Trial Proceedings and Most Grand Jury Proceedings

Current public health guidance recommends social distancing and other measures that make it impracticable for courts to protect the health of the large groups of people who are normally assembled for jury proceedings, including jury selection. Accordingly, until further order, all courts are prohibited from summoning new trial jurors and grand jurors and from conducting criminal or civil jury trials.

Grand juries that are already impaneled or are recalled from a previous term of court may meet to attend to time-sensitive essential matters, but these grand juries should not be assembled except when necessary and only under circumstances in which social distancing and other public health guidance can be followed.

As discussed below, efforts are being pursued to allow the safe resumption of jury trials. The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed. Information about this issue will be provided to trial court clerks and court administrators.

3.   Proceedings Conducted Remotely Using Technology

All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a preferred alternative to in-person proceedings, both to ensure that essential court functions are continued and to conduct non-essential proceedings to limit the backlog of such matters when the judicial emergency is terminated. Courts should understand and utilize the authority provided by the emergency amendments made to court rules on videoconferences and teleconferences.

Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, including civil non-jury trials and other non-jury adjudicative proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia constitutions or applicable statutes or court rules.

In civil, criminal, and juvenile proceedings, parties may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements. Courts must ensure the public's right of access to judicial proceedings and, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and open courtrooms.

4.   In-Court Proceedings; Development of Guidelines

Except for jury and grand jury proceedings as discussed in Section 2 above, courts have discretion to conduct essential and non-essential in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia constitutions and applicable statutes and court rules, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and open courtrooms.

Before conducting extensive in-person proceedings, particularly in non-essential matters, each court should develop written guidelines as to how in-court proceedings generally and particular types of proceedings will be conducted to protect the health of litigants, lawyers, judges, court personnel, and the public. Guidelines should specify who should be admitted to the courthouse and courtroom and how public health guidance will be followed regarding such matters as health screening of court personnel and visitors, social distancing (including by capping the occupancy of courthouses, interior areas, and courtrooms based on their size), availability and use of personal protective equipment (PPE) by court personnel and visitors, and sanitization practices. Guidelines should provide for accommodations for high-risk individuals. Courts should consider the use of staggered, smaller proceedings to conduct proceedings involving many cases or participants, such as calendar calls and arraignments. Guidelines should be prominently posted at courthouse entrances and on court and government websites to provide advance notice to litigants, lawyers, and the public.

Support for the development of guidelines will be provided by the Judicial COVID-19 Task Force discussed in Section 7 below, as well as by the councils for each class of court. Courts of different classes that share courthouse facilities or operate in the same county should seek to coordinate their guidelines.

5.  <u>Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies</u>

Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. However, no court may disregard the restrictions imposed by the Order as extended and modified.

4

6. <u>Discretion of Judges to Reimpose Deadlines in Specific Cases</u>

After the date of this order, and with the exception of deadlines regarding jury trials and grand juries, judges are granted the following authority to reimpose deadlines set by statutes, rules, regulations, and court orders that have been suspended, tolled, or extended by the Order Declaring Statewide Judicial Emergency as extended and modified and to establish new deadlines and schedules. In pending or newly filed cases, a judge may reimpose or establish such deadlines on a case-by-case basis after considering the particular circumstances of the case, including any public health concerns and known individual health, economic, and other concerns regarding the litigants, lawyers, witnesses, and other persons who may be involved in the case. The judge must enter a written order in the record for the case identifying the deadlines that are being reimposed or established. Standing orders applicable to multiple cases and orders simply reimposing previous scheduling orders are not permitted. The judge should allow any party or other participant in a case to seek reconsideration of such an order for good cause shown.

Judges should in particular consider reimposing deadlines that do not require any or only insignificant in-person contact, such as deadlines for filing and responding to pleadings, motions, and briefs, written discovery in civil cases, scheduling of depositions that may be taken remotely or require few participants, and scheduling of hearings requiring only legal argument or few participants.

7. <u>Judicial COVID-19 Task Force; Comments Solicited</u>

A Judicial COVID-19 Task Force is hereby established to assist courts in conducting remote proceedings and in restoring more in-court proceedings, in particular jury trials and grand jury proceedings. The Task Force will include judges from the various classes of court and will obtain input from key stakeholders including the State Bar of Georgia, prosecutors and public defenders, civil plaintiff and defense attorneys, court clerks, sheriffs, and the public.

To assist in evaluating the effects of the Order Declaring Statewide Judicial Emergency as extended and modified, comments are

solicited from judges, lawyers, and the general public. Comments should be delivered in Word or PDF format by email to JCTFcomments@gasupreme.us.

8.   Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

9.   Notice Provisions

Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts are strongly encouraged to make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website, the Administrative Office of the Courts will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness/.

Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall

constitute sufficient notice of the issuance of this order to the affected parties, counsel for the affected parties, and the public.

IT IS SO ORDERED this 11th day of May, 2020.

Chief Justice Harold D. Melton
Supreme Court of Georgia

Appendix

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

7

cc:
Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

*Thrine SBonner*, Clerk

8



SUPREME COURT OF GEORGIA

FILED
Administrative Minutes
June 12, 2020
Thérèse S. Barnes
Clerk/Court Executive
SUPREME COURT OF GEORGIA

## THIRD ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended twice, with modifications, by orders issued on April 6 and May 11, 2020. After consulting with the Judicial Council of Georgia, the Judicial COVID-19 Task Force, and other judicial partners, and recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, it is hereby determined that the Order should be extended again, but with significant modifications.

The work of the courts in Georgia has diligently gone forward on essential and critical matters, and most courts have continued some non-essential court operations, in particular by using technology to conduct proceedings remotely, but more must be done. Therefore, as detailed below, with the exception of jury trial proceedings and most grand jury proceedings, this extension order announces a plan to reimpose as of July 14, 2020, many of the deadlines imposed by law on litigants in civil and criminal cases that have been suspended, tolled, or extended since the initial Order on March 14, in order to allow more pending cases and newly filed cases to move forward in the judicial process again. All Georgia courts must continue, however, to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.



Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Friday, June 12, 2020, at 11:59 p.m., is further extended until Sunday, July 12, 2020, at 11:59 p.m. All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended, with the following clarifications, modifications, and directions. Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

## I. Continued Prohibition on Jury Trial Proceedings and Most Grand Jury Proceedings

(A)   Current public health guidance recommends social distancing and other measures that make it impracticable for courts to protect the health of the large groups of people who are normally assembled for jury proceedings, including jury selection. Accordingly, the suspension of jury trials shall remain in effect and until further order, all courts are prohibited from summoning new trial jurors and grand jurors and from conducting criminal or civil jury trials.

(B)   Grand juries that are already impaneled or are recalled from a previous term of court may meet to attend to time-sensitive essential matters, but these grand juries should not be assembled except when necessary and only under circumstances in which social distancing and other public health guidance can be followed. A guidance document about the continued authority of grand juries impaneled prior to the issuance of the Order is included in the Appendix to this order.

(C)   As directed by the May 11 extension order, the Judicial Covid-19 Task Force is developing policies, procedures, and templates to allow the safe resumption of jury trials and grand jury proceedings. These materials should be available in July 2020, but it is unlikely that any jury proceedings will begin until August or later.

## II.   Plan for the Reimposition of Deadlines

(A)   This order announces a plan to reimpose all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials.

(2)   **All other deadlines imposed on litigants shall be reimposed effective as of July 14, 2020,** as further explained below.

(3)   This will mean that for **cases that were pending before the March 14 Order,** litigants will have the same amount of time to file or act after July 14 that they had as of March 14. For example, if an answer in a civil case was due on March 20, that answer will now be due on July 20, and if a criminal defendant's pretrial motions were due on March 23, they will now be due on July 23.

(4)   This will mean that for **cases filed between March 14 and July 13, 2020,** the time for deadlines will begin running on July 14. For example, if a civil complaint was filed in June and the answer would have been due 30 days later, that 30-day period will begin on July 14 and the answer will be due on August 13.

(5)   This will mean that for **cases filed on or after July 14, 2020,** litigants will have the normal deadlines applicable to the case.

3

(6)   If the reimposed deadline falls on a **weekend or legal holiday**, the deadline will as normal be the next business day. See OCGA § 1-3-1 (d) (3).

(7)   Any **extension of time** for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020 shall also extend the time for that filing or action after July 14. For example, if a litigant's filing was initially due on March 10 but she was granted a 10-day extension of that deadline (to March 20), the filing will be due on July 24 (10 days after July 14).

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed **on litigants** in civil and criminal cases that are **calculated by reference to terms of court** shall be lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 shall count toward such deadlines. See also the May 4, 2020 Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of child care.

(B)   Recognizing the substantial backlog of pending cases, **deadlines imposed on courts shall remain suspended and tolled**. All courts should nevertheless work diligently to clear the backlog and to

4

comply with usual deadlines and timetables to the extent safe and practicable.

(C)   To address the backlog of cases before deadlines on litigants are reimposed more generally as of July 14, 2020, **judges should utilize the authorization provided to them in the May 11 extension order to reimpose deadlines on a case-by-case basis** after considering the particular circumstances of the case, including any public health concerns and known individual health, economic, and other concerns regarding the litigants, lawyers, witnesses, and other persons who may be involved in the case. The judge must enter a **written order in the record** for the case identifying the filing deadlines that are being established.   **A case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions that will be reimposed by statewide order.**

(D)   To assist in evaluating this plan to reimpose deadlines, **comments are solicited** from judges, lawyers, and the general public. Comments should be delivered in Word or PDF format by email to JCTFcomments@gasupreme.us.

## III.   Proceedings Conducted Remotely Using Technology

(A)   All courts are encouraged to continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on videoconferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, including civil non-jury trials and other non-jury adjudicative proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on

participants, and must not be prohibited by the requirements of the United States or Georgia constitutions or applicable statutes or court rules.

(D) In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E) Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV. In-Person Proceedings Under Guidelines for Safe Operations

(A) Except for jury and grand jury proceedings, courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia constitutions and applicable statutes and court rules, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B) Each court should develop and implement operating guidelines as to how in-court proceedings generally and particular types of proceedings will be conducted to protect the health of litigants, lawyers, judges, court personnel, and the public. The Judicial Council Strategic Planning Committee and the Judicial Covid-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and may be used as the template for such operating guidelines.

(C) Courts of different classes that share courthouse facilities or operate in the same county should seek to coordinate their operating guidelines.

(D)   Each court must submit its operating guidelines to the Administrative Office of the Courts at https://georgiacourts.gov/covid-19-court-operating-guidelines-form/ to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(E)   Operating guidelines should be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

7

## VI.   Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the Order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines planned for by this order and by orders in specific cases.

## VII.  Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII. Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic.

Recognizing that not all courts have a social media presence or website, the Administrative Office of the Courts will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness/.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means.  Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 12th day of June, 2020.

Chief Justice Harold D. Melton
Supreme Court of Georgia

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

cc:
Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

_Therese S Barnes_, Clerk

11



SUPREME COURT OF GEORGIA

FILED
Administrative Minutes
July 10, 2020

Thérèse S. Barnes
Clerk/Court Executive
SUPREME COURT OF GEORGIA

# FOURTH ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended three times, with modifications, by orders issued on April 6, May 11, and June 12, 2020. After consulting with the Judicial Council of Georgia, the Judicial COVID-19 Task Force, and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. The May 11 extension order also encouraged courts to work diligently to address the backlog of pending cases on a case-by-case basis, and the June 12 extension order announced a plan to reimpose as of July 14 many of the deadlines imposed by law on litigants in civil and criminal cases that have been suspended, tolled, or extended since the initial March 14 Order. This order puts that plan into place and will allow more pending and newly filed cases to move forward in the judicial process in an effort to return to more robust court operations. Given current circumstances, however, this order continues the prohibition on all jury proceedings and almost all grand jury proceedings.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial



proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely.   This order further delineates the health precautions required for all in-person judicial proceedings and specifies that courts must adopt operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Sunday, July 12, 2020, at 11:59 p.m., is further **extended, effective Sunday, July 12, 2020, at 11:59 p.m., until Tuesday, August 11, 2020 at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended, with the following clarifications, modifications, and directions. Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

## I.    Continued Prohibition on Jury Trial Proceedings and Most Grand Jury Proceedings

(A)    Current public health guidance recommends social distancing and other measures that make it impracticable for courts to protect the health of the large groups of people who are normally assembled for jury proceedings, including jury selection. Accordingly, the suspension of jury trials shall remain in effect and until further order, all courts are prohibited from summoning new trial jurors and grand jurors and from conducting criminal or civil jury trials.

(B)    Grand juries that are already impaneled or are recalled from a previous term of court may meet to attend to time-sensitive essential matters, but these grand juries shall not be assembled except when necessary and only under circumstances in which social distancing and

2

other public health guidance can be followed. A guidance document about the continued authority of grand juries impaneled prior to the issuance of the Order is included in the Appendix to this order. Courts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment.

(C) The Judicial COVID-19 Task Force continues to develop policies, procedures, and templates to allow the safe resumption of jury trials and grand jury proceedings. These materials will be publicized when ready, but it is unlikely that any jury proceedings will begin until September or later.

## II.   Reimposition of Deadlines on Litigants

(A) As announced in the June 12 extension order, this order hereby reimposes all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1) Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials. Until grand jury proceedings are generally authorized, statutes of limitation in criminal cases shall also remain tolled.

(2) **All other deadlines imposed on litigants shall be reimposed effective July 14, 2020,** as further explained below.

(3) **In cases that were pending before the March 14 Order,** litigants will have the same amount of time to file or act after

3

July 14 that they had as of March 14. For example, if an answer in a civil case was due on March 20, that answer will now be due on July 20, and if a criminal defendant's pretrial motions were due on March 23, they will now be due on July 23.

(4)   **In cases filed between March 14 and July 13, 2020,** the time for deadlines will begin running on July 14. For example, if a civil complaint was filed in June and the answer would have been due 30 days later, that 30-day period will begin on July 14 and the answer will be due on August 13.

(5)   **In cases filed on or after July 14, 2020**, litigants shall comply with the normal deadlines applicable to the case.

(6)   If the reimposed deadline falls on a **weekend or legal holiday,** the deadline will as normal be the next business day. See OCGA § 1-3-1 (d) (3).

(7)   Any **extension of time** for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020 shall also extend the time for that filing or action after July 14. For example, if a litigant's filing was initially due on March 10 but she was granted a 10-day extension of that deadline (to March 20), the filing will be due on July 24 (10 days after July 14).

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed **on litigants** in civil and criminal cases that are **calculated by reference to terms of court** shall be lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 shall count toward such deadlines. See also the May 4, 2020 Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court included in the Appendix.

4

(10)  The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)  Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and **courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of child care.**

(B)  Recognizing the substantial backlog of pending cases, **deadlines imposed on courts shall remain suspended and tolled.** All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and practicable.

(C)  If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension orders, **the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide order.**

(D)  If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

## III.  Proceedings Conducted Remotely Using Technology

(A)  All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on videoconferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV.   In-Person Proceedings Under Guidelines for Safe Operations

(A)   **Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia constitutions and applicable statutes and court rules**, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   **No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order**, including in particular large calendar calls. **Courts are also prohibited from compelling in-person participation in any court-imposed**

6

alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.

(C)   **Each court shall develop and implement operating guidelines** as to how in-court proceedings generally and particular types of proceedings will be conducted to protect the health of litigants, lawyers, judges, court personnel, and the public.

(1)   The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

(2)   With regard to everyone who works in a court facility, the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Seventh Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3)   When there is reason to believe that anyone who works or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified and **notification** of persons who may have been exposed shall occur as directed by DPH or the local health department.

(4)   **To the extent operating guidelines previously implemented by courts do not comply fully with the requirements of this order, courts shall develop and implement revised guidelines within 10 days of this order.**

(D)   Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines,

7

and should seek to coordinate operating guidelines with non-judicial entities sharing courthouse facilities.

(E)   Each court must submit its operating guidelines to the Administrative Office of the Courts at https://georgiacourts.gov/covid-19-court-operating-guidelines-form/ to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)   Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

8

## VI.  Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the Order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines by this order and by orders in specific cases.

## VII. Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII. Notice Provisions

(A)  Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)  The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)  The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic.

Recognizing that not all courts have a social media presence or website, the Administrative Office of the Courts will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness/.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 10th day of July, 2020, and effective July 12, 2020, at 11:59 p.m.

Chief Justice Harold D. Melton
Supreme Court of Georgia

10

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

DPH Seventh Amended Administrative Order for Public Health Control Measures (June 16, 2020)

11

cc:

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

_Thrine S. Bame_ , Clerk

12

 SUPREME COURT OF GEORGIA

> **FILED**
> Administrative Minutes
> August 11, 2020
>
> Thérèse S. Barnes
> Clerk, Administrative
> SUPREME COURT OF GEORGIA

## FIFTH ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended four times, with modifications, by orders issued on April 6, May 11, June 12, and July 10, 2020. After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. In an effort to return to more robust court operations, many of the deadlines imposed by law on litigants in civil and criminal cases that had been suspended, tolled, or extended since the initial March 14 Order were reimposed as of July 14, allowing more pending and newly filed cases to move forward in the judicial process. However, given the current levels of COVID-19 around the state, this order continues the prohibition on all jury proceedings. This broad prohibition cannot last too much longer, even if the pandemic continues, because the judicial system, and the criminal justice system in particular, must have some capacity to resolve cases by indictment and trial. Accordingly, the Judicial COVID-19 Task Force is focusing on how grand jury and jury trial proceedings could safely be conducted even where levels of COVID-19 are high, including the possibility of conducting grand jury proceedings and jury selection remotely.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in

> **PLAINTIFF'S EXHIBIT**
> F

compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely. This order again delineates the health precautions required for all in-person judicial proceedings and requires courts to adopt and maintain operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Tuesday, August 11, 2020, at 11:59 p.m., is further **extended until Thursday, September 10, 2020, at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended; **the provisions of this order below are identical to the July 10 extension order except for minor revisions to the language of Sections I (C), II (A), and IV (C) (2) and the deletion of Section IV (C) (4).** Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

I.   **Continued Prohibition on Jury Trial Proceedings and Most Grand Jury Proceedings**

(A)   Current public health guidance recommends social distancing and other measures that make it impracticable for courts to protect the health of the large groups of people who are normally assembled for jury proceedings, including jury selection. Accordingly, the suspension of jury trials shall remain in effect and until further order, all courts are prohibited from summoning new trial jurors and grand jurors and from conducting criminal or civil jury trials.

2

(B) · Grand juries that are already impaneled or are recalled from a previous term of court may meet to attend to time-sensitive essential matters, but these grand juries shall not be assembled except when necessary and only under circumstances in which social distancing and other public health guidance can be followed. A guidance document about the continued authority of grand juries impaneled prior to the issuance of the Order is included in the Appendix to this order. Courts and counsel are reminded that many criminal cases may proceed on accusation and · do not require a grand jury indictment.

(C) The Judicial COVID-19 Task Force continues to develop policies, procedures, and templates to allow the safe resumption of jury trials and grand jury proceedings. These materials will be publicized when ready.

## II. Reimposition of Deadlines on Litigants

(A) The July 10 extension order reimposed all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1) Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials. Until grand jury proceedings are generally authorized, statutes of limitation in criminal cases shall also remain tolled.

(2) **All other deadlines imposed on litigants shall be reimposed effective July 14, 2020,** as further explained below.

3

(3)   **In cases that were pending before the March 14 Order,** litigants will have the same amount of time to file or act after July 14 that they had as of March 14. For example, if an answer in a civil case was due on March 20, that answer will now be due on July 20, and if a criminal defendant's pretrial motions were due on March 23, they will now be due on July 23.

(4)   **In cases filed between March 14 and July 13, 2020,** the time for deadlines will begin running on July 14. For example, if a civil complaint was filed in June and the answer would have been due 30 days later, that 30-day period will begin on July 14 and the answer will be due on August 13.

(5)   **In cases filed on or after July 14, 2020,** litigants shall comply with the normal deadlines applicable to the case.

(6)   If the reimposed deadline falls on a **weekend or legal holiday,** the deadline will as normal be the next business day. See OCGA § 1-3-1 (d) (3).

(7)   Any **extension of time** for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020 shall also extend the time for that filing or action after July 14. For example, if a litigant's filing was initially due on March 10 but she was granted a 10-day extension of that deadline (to March 20), the filing will be due on July 24 (10 days after July 14).

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed on litigants in civil and criminal cases that are **calculated by reference to terms of court** shall be lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 shall count toward such

4

deadlines. See also the May 4, 2020 Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court included in the Appendix.

(10)  The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)  Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and **courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of child care.**

(B)  Recognizing the substantial backlog of pending cases, **deadlines imposed on courts shall remain suspended and tolled.** All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and practicable.

(C)  If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension orders, **the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide order.**

(D)  If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

5

## III. Proceedings Conducted Remotely Using Technology

(A)   All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on videoconferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV. In-Person Proceedings Under Guidelines for Safe Operations

(A) - Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia constitutions and applicable statutes and court rules, including

6

the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B) **No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order,** including in particular large calendar calls. **Courts are also prohibited from compelling in-person participation in any court-imposed alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.**

(C) **Each court shall develop and implement operating guidelines** as to how in-court proceedings generally and particular types of proceedings will be conducted to protect the health of litigants, lawyers, judges, court personnel, and the public.

(1) The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

(2) With regard to everyone who works in a court facility, the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Eighth Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3) When there is reason to believe that anyone who works or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified and **notification** of persons

7

who may have been exposed shall occur as directed by DPH or the local health department.

(D)   Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines, and should seek to coordinate operating guidelines with non-judicial entities sharing courthouse facilities.

(E)   Each court must submit its operating guidelines to the Administrative Office of the Courts at https://georgiacourts.gov/covid-19-court-operating-guidelines-form/ to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)   Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

## VI.   Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the Order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines by this order and by orders in specific cases.

## VII.   Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII. Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic.

Recognizing that not all courts have a social media presence or website, the Administrative Office of the Courts will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness/.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means.  Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 11th day of August, 2020, and effective at 11:59 p.m.

Chief Justice Harold D. Melton
Supreme Court of Georgia

10

# APPENDIX

<u>Guidance on Tolling of Filing Deadlines (March 27, 2020)</u>

<u>Guidance on Tolling of Statutes of Limitation (April 6, 2020)</u>

<u>Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court (May 4, 2020)</u>

<u>Guidance on Grand Juries (May 4, 2020)</u>

<u>Further Guidance on Grand Juries (May 11, 2020)</u>

<u>Georgia Court Reopening Guide (June 11, 2020)</u>

<u>DPH Eighth Amended Administrative Order for Public Health Control Measures (July 28, 2020)</u>

11

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

_Therese S. Barnes_, Clerk

12



SUPREME COURT OF GEORGIA

**FILED**
Administrative Minutes
September 10, 2020
Thérèse S. Barnes
Clerk/Court Executive
SUPREME COURT OF GEORGIA

## SIXTH ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended five times, with modifications, by orders issued on April 6, May 11, June 12, July 10, and August 11, 2020. After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. Courts have also greatly expanded the use of remote proceedings and have resumed limited in-person proceedings that can be conducted safely. In an effort to return to more robust court operations, many of the deadlines imposed by law on litigants in civil and criminal cases that had been suspended, tolled, or extended since the initial March 14 Order were reimposed as of July 14, allowing more pending and newly filed cases to move forward in the judicial process. However, because grand jury proceedings and jury trials require the assembly of larger numbers of people, they have been almost entirely prohibited since the judicial emergency began. As explained in the last extension order, this broad prohibition cannot continue, even if the pandemic continues, because our judicial system, and the criminal justice system in particular, must have some capacity to resolve cases by indictment and trial. Accordingly, the Judicial COVID-19 Task Force has

1



PLAINTIFF'S EXHIBIT
J.

been focusing its work on how these proceedings can be safely conducted.

As explained further in Section I below, this order authorizes the Chief Judge of each superior court, in his or her discretion after consultation with the District Attorney, to resume grand jury proceedings as local conditions allow and in accordance with this order. Guidance for resuming in-person proceedings is included in the Appendix to this order, and guidance on remote grand jury proceedings is forthcoming.   Conducting safe grand jury proceedings will provide experience useful in conducting safe jury trials.

As also explained in Section I below, this order directs each county to establish a local committee of judicial system participants to develop detailed guidelines for the resumption of jury trials in the county utilizing the safe jury trial guidelines being developed by the Task Force. It is anticipated that the next extension order on or about October 10 will authorize superior and state courts, in their discretion, to resume jury trials as local conditions allow.

It should be recognized that actual grand jury hearings and jury trials will not begin until a month or longer after they are authorized, due to the time required to summon potential jurors for service. It also should be recognized that there are substantial backlogs of unindicted cases, and due to ongoing public health precautions, these proceedings will not occur at the scale or with the speed they occurred before the pandemic. Thus, while our justice system must resume moving cases to indictment and trial as rapidly as can be done safely, statutory deadlines based on indictments and jury trials will remain suspended and tolled. Finally, it should be understood that plans may need to be revised based on changing circumstances.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules,  and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to

conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely. This order again delineates the health precautions required for all in-person judicial proceedings and requires courts to adopt and maintain operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Thursday, September 10, 2020, at 11:59 p.m., is further **extended until October 10, 2020, at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended; **the provisions of this order below are identical to the August 11 extension order except for Section I, which has been substantially revised, and a minor corresponding revision in Section II (A) (1).** Where this Order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

I.   **Grand Jury Proceedings and Jury Trials**

   (A)   **Grand Jury Proceedings Authorized**

      (1)   **The Chief Judge of each superior court, in his or her discretion after consulting with the District Attorney, may resume grand jury proceedings in person or remotely (where consistent with law) on or after September 10, 2020,** if doing so can be done safely and in compliance with public health guidance based on local conditions. When a Chief Judge exercises this authority, he or she should provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety. Guidance for safely conducting in-person grand jury proceedings, based on recommendations from the

3

Judicial COVID-19 Task Force, is included in the Appendix to this order, and guidance on conducting remote grand jury proceedings is forthcoming.

(2)    Because there are substantial backlogs of unindicted cases, grand jury proceedings even when resumed will not occur at the scale or with the speed as before the pandemic, and jury trials remain suspended, deadlines calculated by reference to the date of grand jury proceedings or jury trials, including but not limited to the speedy trial deadlines in OCGA §§ 17-7-170 and 17-7-171 and the deadlines for indicting detained individuals in OCGA §§ 17-7-50 and 17-7-50.1, will remain suspended and tolled as discussed in Section II (A) (1) below.

(3)    Courts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment.

**(B)    Jury Trials Remain Prohibited; Convening of Local Committees to Develop County Jury Trial Guidelines**

(1)    The suspension of jury trials shall remain in effect and until further order, all courts are prohibited from summoning new trial jurors and from conducting criminal or civil jury trials.

(2)    **The Chief Judge of each superior court is directed to convene for each county in his or her circuit a local committee of judicial system participants to develop a plan for safely resuming jury trials in the county**, as further specified in the "Guidance for Local Committees on Resuming Jury Trials" included in the Appendix to this order. Guidance for safely conducting jury trials is being developed by the Judicial COVID-19 Task Force and will be provided to local committees. **Court operating guidelines for in-person proceedings, see Section IV below, incorporating final jury trial plans shall be submitted to the Administrative Office of the Courts (AOC) as soon as possible and before the jury trial process begins.**

## II.   Reimposition of Deadlines on Litigants

(A)   The July 10 extension Order reimposed all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials. Statutes of limitation in criminal cases shall also remain tolled until further order.

(2)   **All other deadlines imposed on litigants shall be reimposed effective July 14, 2020,** as further explained below.

(3)   **In cases that were pending before the March 14 Order,** litigants will have the same amount of time to file or act after July 14 that they had as of March 14. For example, if an answer in a civil case was due on March 20, that answer will now be due on July 20, and if a criminal defendant's pretrial motions were due on March 23, they will now be due on July 23.

(4)   **In cases filed between March 14 and July 13, 2020,** the time for deadlines will begin running on July 14. For example, if a civil complaint was filed in June and the answer would have been due 30 days later, that 30-day period will begin on July 14 and the answer will be due on August 13.

(5)   **In cases filed on or after July 14, 2020,** litigants shall comply with the normal deadlines applicable to the case.

(6)     If the reimposed deadline falls on a **weekend or legal holiday**, the deadline will as normal be the next business day.  See OCGA § 1-3-1 (d) (3).

(7)     Any **extension of time** for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020 shall also extend the time for that filing or action after July 14. For example, if a litigant's filing was initially due on March 10 but she was granted a 10-day extension of that deadline (to March 20), the filing will be due on July 24 (10 days after July 14).

(8)     Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)     The tolling and suspension of deadlines imposed **on litigants** in civil and criminal cases that are **calculated by reference to terms of court** shall be lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 shall count toward such deadlines. See also the May 4, 2020 Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and **courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of child care.**

(B)    Recognizing the substantial backlog of pending cases, **deadlines imposed on courts shall remain suspended and tolled.** All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and

6

practicable.

(C)   If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension orders, **the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide Order.**

(D)   If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

## III.   Proceedings Conducted Remotely Using Technology

(A)   All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on video conferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia Constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not

otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV.  In-Person Proceedings Under Guidelines for Safe Operations

(A)   **Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia Constitutions and applicable statutes and court rules,** including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   **No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order,** including in particular large calendar calls. **Courts are also prohibited from compelling in-person participation in any court-imposed alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.**

(C)   **Each court shall develop and implement operating guidelines** as to how in-court proceedings generally and particular types of proceedings will be conducted to protect the health of litigants, lawyers, judges, court personnel, and the public.

(1)   The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and

8

guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

(2)   With regard to everyone who works in a court facility, the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Eighth Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3)   When there is reason to believe that anyone who works at or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified, and **notification** of persons who may have been exposed shall occur as directed by DPH or the local health department.

(D)   Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines, and should seek to coordinate operating guidelines with non-judicial entities sharing courthouse facilities.

(E)   Each court must submit its operating guidelines to the AOC at https://georgiacourts.gov/covid-19-court-operating-guidelines-form/ to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)   Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V. Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

## VI. Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the Order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines by this Order and by orders in specific cases.

## VII. Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII. Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website, the AOC will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this Order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this Order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 10th day of September, 2020, and effective at 11:59 p.m.

_____
Chief Justice Harold D. Melton
Supreme Court of Georgia

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by
Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

DPH Eighth Amended Administrative Order for Public Health Control
Measures (July 28, 2020)

Guidance for Resuming In-Person Grand Jury Proceedings
(September 10, 2020)

Guidance for Local Committees on Resuming Jury Trials
(September 10, 2020)

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

_Thurine S. Bauer_ , Clerk

13

 SUPREME COURT OF GEORGIA

FILED
Administrative Minutes
October 10, 2020
Thérèse S. Barnes
Clerk Court Executive
SUPREME COURT OF GEORGIA

# SEVENTH ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended six times, with modifications, by orders issued on April 6, May 11, June 12, July 10, August 11, and September 10, 2020. After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. Courts have also greatly expanded the use of remote proceedings and have resumed limited in-person proceedings that can be conducted safely. In an effort to return to more robust court operations, many of the deadlines imposed by law on litigants in civil and criminal cases that had been suspended, tolled, or extended since the initial March 14 Order were reimposed as of July 14, allowing more pending and newly filed cases to move forward in the judicial process. The last extension order on September 10 authorized the Chief Judge of each superior court, in his or her discretion after consultation with the District Attorney, to resume grand jury proceedings if doing so can be done safely and in compliance with public health guidance based on local conditions. A number of courts have utilized this authority, and many more are expected to do so going forward.

1


PLAINTIFF'S EXHIBIT
H

However, jury trials, which require the assembly of larger numbers of people and thus pose more significant issues for conducting safely, have remained suspended. That blanket prohibition cannot continue, even though the pandemic continues, because our judicial system, and the criminal justice system in particular, must have some capacity to resolve cases by trial, and our trial courts have accumulated many cases that are awaiting trial. The September 10 extension order directed the Chief Judge of each superior court to convene for each county in his or her circuit a local committee of judicial system participants to develop detailed guidelines for the safe resumption of jury trials in the county, utilizing the "Guidance for Resuming Jury Trials" included in the Appendix to this order. And as announced in the September 10 order, this order in Section I below authorizes the Chief Judge of each trial court, in his or her discretion, to resume the jury trial process if local conditions allow and the Chief Judge, in collaboration with the local committee, has developed and issued a final jury trial plan.

It should be recognized that grand jury hearings and jury trials will not actually start until a month or longer after the process for resuming them begins in a particular county or court, due to the time required to summon potential jurors for service. It also should be recognized that there are substantial backlogs of unindicted and untried cases, and due to ongoing public health precautions, these proceedings will not occur at the scale or with the speed they occurred before the pandemic. Thus, while our justice system must resume moving cases to indictment and trial as rapidly as can be done safely, **statutory deadlines based on indictments and jury trials will remain suspended and tolled.** Finally, it should be understood that plans may need to be revised based on changing circumstances.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person

proceedings. unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely. This order again delineates the health precautions required for all in-person judicial proceedings and requires courts to adopt and maintain operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly. the Order Declaring Statewide Judicial Emergency. which would have expired on Saturday. October 10, 2020, at 11:59 p.m.. is further **extended until November 9, 2020, at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended; **the provisions of this order below are identical to the October 10 extension order except for Section I, which has been substantially revised, and minor revisions in Section II (A) and IV (C).** Where this order refers to "public health guidance." courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

## I.    Grand Jury Proceedings and Jury Trials

### (A)    Grand Jury Proceedings Authorized

(1)   The Chief Judge of each superior court, in his or her discretion after consulting with the District Attorney, may resume grand jury proceedings in person or remotely (where consistent with law). if doing so can be done safely and in compliance with public health guidance based on local conditions. When a Chief Judge exercises this authority. he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors. and potential jurors should be informed in advance about the practices that the court will use to ensure their safety. Guidance for safely conducting in-person grand jury proceedings, based on recommendations from the Judicial COVID-19 Task Force, is included in the Appendix to this order. and guidance on conducting remote grand jury proceedings is forthcoming.

(2)   Courts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment.

(B)   **Jury Trials Authorized; Local Committees to Develop County Jury Trial Guidelines**

(1)   As directed in the September 10 extension order, every county should have in place a local committee of judicial system participants, convened by the Chief Judge of the county's superior court, which is charged with developing a plan for safely resuming jury trials in the county as further described in the "Guidance for Local Committees on Resuming Jury Trials" included in the Appendix to this order. The local committees should utilize the "Guidance for Resuming Jury Trials" also included in the Appendix in developing their plans, which must be submitted to the Administrative Office of the Courts (AOC) as soon as possible and before the jury trial process begins.

(2)   **The blanket suspension of jury trials that has been in place since the March 14 Order is ended effective immediately.** The Chief Judge of each trial court is authorized, in his or her discretion, to summon new trial jurors and to resume jury trials, if that can be done safely and in accordance with a final jury trial plan developed in collaboration with the local committee and incorporated into the court's written operating guidelines for in-person proceedings discussed in Section IV below. As with grand jury proceedings, when a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety.

(C)   Because there are substantial backlogs of unindicted and untried cases and because grand jury proceedings and jury trials even when resumed will not occur at the scale or with the speed as before the pandemic, deadlines calculated by reference to the date of grand jury proceedings or jury trials, including but not limited to the speedy trial deadlines in OCGA §§ 17-7-170 and 17-7-171 and the deadlines for

4

indicting detained individuals in OCGA §§ 17-7-50 and 17-7-50.1, will remain suspended and tolled as discussed in Section II (A) (1) below.

## II. Reimposition of Deadlines on Litigants

(A)   The July 10 extension order reimposed all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are   imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that had been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials. Statutes of limitation in criminal cases shall also remain tolled until further order.

(2)   **All other deadlines imposed on litigants were reimposed effective July 14, 2020**, as further explained below.

(3)   In cases that were pending before the March 14 Order, litigants were provided the same amount of time to file or act after July 14 that they had as of March 14.

(4)   In cases filed between March 14 and July 13, 2020, the time for deadlines began to run on July 14.

(5)   In cases filed on or after July 14, 2020, litigants must comply with the normal deadlines applicable to the case.

(6)   If the reimposed deadline falls on a weekend or legal

5

holiday, the deadline will as normal be the next business day.   See OCGA § 1-3-1 (d) (3).

(7)   Any extension of time for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020, also extended the time for that filing or action after July 14.

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed on litigants in civil and criminal cases that are calculated by reference to terms of court were lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 counts toward such deadlines. See also the May 4, 2020 "Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court" included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of child care.

(B)   Recognizing the substantial backlog of pending cases, deadlines imposed on courts shall remain suspended and tolled. All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and practicable.

(C)   If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension

6

orders, the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide order.

(D)   If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

## III.   Proceedings Conducted Remotely Using Technology

(A)   All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on video conferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia Constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial

proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV.  In-Person Proceedings Under Guidelines for Safe Operations

(A)   Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia Constitutions and applicable statutes and court rules, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order, including in particular large calendar calls. Courts are also prohibited from compelling in-person participation in any court-imposed alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.

(C)   Each court shall develop and implement operating guidelines as to how in-court proceedings generally and particular types of proceedings, including grand jury proceedings and jury trials, will be conducted to protect the health of litigants, lawyers, jurors, judges, court personnel, and the public.

(1)   The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

8

(2)   With regard to everyone who works in a court facility, the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Eighth Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3)   When there is reason to believe that anyone who works at or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified, and **notification** of persons who may have been exposed shall occur as directed by DPH or the local health department.

(D)   Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines, and should seek to coordinate operating guidelines with non-judicial entities sharing courthouse facilities.

(E)   Each court must submit its operating guidelines to the AOC at https://georgiacourts.gov/covid-19-court-operating-guidelines-form/ to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)   Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and

9

38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

## VI.   Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines by this order and by orders in specific cases.

## VII.   Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII.   Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow

10

courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations. while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website. the AOC will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 10th day of October, 2020, and effective at 11:59 p.m.

Chief Justice Harold D. Melton
Supreme Court of Georgia

11

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by
Reference to Terms of Court (May 1, 2020)

Guidance on Grand Juries (May 1, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

DPH Eighth Amended Administrative Order for Public Health Control
Measures (July 28, 2020)

Guidance for Resuming In-Person Grand Jury Proceedings
(September 10, 2020)

Guidance for Local Committees on Resuming Jury Trials
(September 10, 2020)

Guidance for Resuming Jury Trials
(September 21, 2020)

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written

_Thomas D. Barnes_ , Clerk



SUPREME COURT OF GEORGIA

<table>
<tr><td><b>FILED</b><br>Administrative Minutes<br>November 9, 2020</td></tr>
<tr><td>Thérèse S. Barnes<br>Clerk/Court Executive<br>SUPREME COURT OF GEORGIA</td></tr>
</table>

## EIGHTH ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended seven times, with modifications, by orders issued on April 6, May 11, June 12, July 10, August 11, September 10, and October 10, 2020. After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. Courts have also greatly expanded the use of remote proceedings and have resumed limited in-person proceedings that can be conducted safely. In an effort to return to more robust court operations, many of the deadlines imposed by law on litigants in civil and criminal cases that had been suspended, tolled, or extended since the initial March 14 Order were reimposed as of July 14, allowing more pending and newly filed cases to move forward in the judicial process. The September 10 order authorized the Chief Judge of each superior court, in his or her discretion after consultation with the District Attorney, to resume grand jury proceedings if doing so can be done safely and in compliance with public health guidance based on local conditions. A number of courts have utilized this authority, and many more are expected to do so going forward.

1



The last extension order on October 10 recognized that the blanket prohibition of jury trials, which require the assembly of larger numbers of people, could not continue, even though the pandemic continues, because our judicial system, and the criminal justice system in particular, must have some capacity to resolve cases by trial, and our trial courts have accumulated many cases that are awaiting trial. The September 10 order directed the Chief Judge of each superior court to convene for each county in his or her circuit a local committee of judicial system participants to develop detailed guidelines for the safe resumption of jury trials in the county, utilizing the "Guidance for Resuming Jury Trials" included in the Appendix to this order. The October 10 order authorized the Chief Judge of each trial court, in his or her discretion, to resume the jury trial process if local conditions allow and the Chief Judge, in collaboration with the local committee, has developed and issued a final jury trial plan. A number of courts have already issued their plans to safely resume jury trials, and many more are in the process of developing those plans with their local committees.

It should be recognized that grand jury hearings and jury trials will not actually start until a month or longer after the process for resuming them begins in a particular county or court, due to the time required to summon potential jurors for service. It also should be recognized that there are substantial backlogs of unindicted and untried cases, and due to ongoing public health precautions, these proceedings will not occur at the scale or with the speed they occurred before the pandemic. Thus, while our justice system must resume moving cases to indictment and trial as rapidly as can be done safely, **statutory deadlines based on indictments and jury trials will remain suspended and tolled**. Finally, it should be understood that plans may need to be revised based on changing circumstances.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to

conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely. This order again delineates the health precautions required for all in-person judicial proceedings and requires courts to adopt and maintain operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Monday, November 9, 2020, at 11:59 p.m., is further **extended until Wednesday, December 9, 2020, at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended; **the provisions of this order below are identical to the October 10 extension order except for minor revisions to Sections I and VII.** Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

## I.   Grand Jury Proceedings and Jury Trials

### (A)   Grand Jury Proceedings Authorized

(1)   The Chief Judge of each superior court, in his or her discretion after consulting with the District Attorney, may resume grand jury proceedings in person or remotely (where consistent with law), if doing so can be done safely and in compliance with public health guidance based on local conditions. When a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety. Guidance for safely conducting in-person grand jury proceedings, based on recommendations from the Judicial COVID-19 Task Force, and guidance on conducting remote grand jury proceedings are included in the Appendix to this order.

(2)     Courts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment.

(B)     **Jury Trials Authorized; Local Committees to Develop County Jury Trial Guidelines**

(1)     As directed in the September 10 extension order, every county should have in place a local committee of judicial system participants, convened by the Chief Judge of the county's superior court, which is charged with developing a plan for safely resuming jury trials in the county as further described in the "Guidance for Local Committees on Resuming Jury Trials" included in the Appendix to this order. The local committees should utilize the "Guidance for Resuming Jury Trials" also included in the Appendix in developing their plans, which must be submitted to the Administrative Office of the Courts (AOC) as soon as possible and before the jury trial process begins.

(2)     **The blanket suspension of jury trials that had been in place since the March 14 Order was ended effective October 10, 2020.** The Chief Judge of each trial court is authorized, in his or her discretion, to summon new trial jurors and to resume jury trials, if that can be done safely and in accordance with a final jury trial plan developed in collaboration with the local committee and incorporated into the court's written operating guidelines for in-person proceedings discussed in Section IV below. As with grand jury proceedings, when a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety.

(C)     Because there are substantial backlogs of unindicted and untried cases and because grand jury proceedings and jury trials even when resumed will not occur at the scale or with the speed as before the pandemic, deadlines calculated by reference to the date of grand jury proceedings or jury trials, including but not limited to the speedy trial deadlines in OCGA §§ 17-7-170 and 17-7-171 and the deadlines for

4

indicting detained individuals in OCGA §§ 17-7-50 and 17-7-50.1, will remain suspended and tolled as discussed in Section II (A) (1) below.

## II.   Reimposition of Deadlines on Litigants

(A)   The July 10 extension order reimposed all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that had been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials. Statutes of limitation in criminal cases shall also remain tolled until further order.

(2)   **All other deadlines imposed on litigants were reimposed effective July 14, 2020**, as further explained below.

(3)   In cases that were pending before the March 14 Order, litigants were provided the same amount of time to file or act after July 14 that they had as of March 14.

(4)   In cases filed between March 14 and July 13, 2020, the time for deadlines began to run on July 14.

(5)   In cases filed on or after July 14, 2020, litigants must comply with the normal deadlines applicable to the case.

(6)   If the reimposed deadline falls on a weekend or legal

5

holiday, the deadline will as normal be the next business day.  See OCGA § 1-3-1 (d) (3).

(7)   Any extension of time for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020, also extended the time for that filing or action after July 14.

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed on litigants in civil and criminal cases that are calculated by reference to terms of court were lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 counts toward such deadlines. See also the May 4, 2020 "Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court" included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of child care.

(B)   Recognizing the substantial backlog of pending cases, deadlines imposed on courts shall remain suspended and tolled. All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and practicable.

(C)   If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension

6

orders, the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide order.

(D)   If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

## III.   Proceedings Conducted Remotely Using Technology

(A)   All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on video conferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia Constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the

7

record, a criminal defendant's rights to confrontation and an open courtroom.

## IV. In-Person Proceedings Under Guidelines for Safe Operations

(A)   **Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia Constitutions and applicable statutes and court rules,** including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   **No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order,** including in particular large calendar calls. **Courts are also prohibited from compelling in-person participation in any court-imposed alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.**

(C)   **Each court shall develop and implement operating guidelines** as to how in-court proceedings generally and particular types of proceedings, including grand jury proceedings and jury trials, will be conducted to protect the health of litigants, lawyers, jurors, judges, court personnel, and the public.

(1)   The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

(2)   With regard to everyone who works in a court facility,

8

the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Eighth Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3)   When there is reason to believe that anyone who works at or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified, and **notification** of persons who may have been exposed shall occur as directed by DPH or the local health department.

(D)   Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines, and should seek to coordinate operating guidelines with non-judicial entities sharing courthouse facilities.

(E)   Each court must submit its operating guidelines to the AOC at https://georgiacourts.gov/covid-19-court-operating-guidelines-form/ to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public.  Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)   Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial

emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

## VI.   Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/.  Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines by this order and by orders in specific cases.

## VII.   Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism, including the obligation to engage in discovery in good faith and in a safe manner. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII.  Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website, the AOC will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 9th day of November, 2020, and effective at 11:59 p.m.

_____
Chief Justice Harold D. Melton
Supreme Court of Georgia

11

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by
Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

DPH Ninth Amended Administrative Order for Public Health Control
Measures (November 1, 2020)

Guidance for Resuming In-Person Grand Jury Proceedings
(September 10, 2020)

Guidance for Local Committees on Resuming Jury Trials
(September 10, 2020)

Guidance for Resuming Jury Trials (September 21, 2020)

Guidance for Remote Grand Jury Proceedings (October 26, 2020)

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto
affixed the day and year last above written.

_____ , Clerk

13

 SUPREME COURT OF GEORGIA

**FILED**
Administrative Minutes
December 9, 2020

Thérèse S. Barnes
Clerk/Court Executive
SUPREME COURT OF GEORGIA

# NINTH ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended eight times, with modifications, by orders issued on April 6, May 11, June 12, July 10, August 11, September 10, October 10, and November 9, 2020. After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. Courts have also greatly expanded the use of remote proceedings and have resumed limited in-person proceedings that can be conducted safely. In an effort to return to more robust court operations, many of the deadlines imposed by law on litigants in civil and criminal cases that had been suspended, tolled, or extended since the initial March 14 Order were reimposed as of July 14, allowing more pending and newly filed cases to move forward in the judicial process. The September 10 order authorized the Chief Judge of each superior court, in his or her discretion after consultation with the District Attorney, to resume grand jury proceedings if doing so can be done safely and in compliance with public health guidance based on local conditions. A number of courts have utilized this authority, and many more are expected to do so going forward.

1



The October 10 extension order recognized that the blanket prohibition of jury trials, which require the assembly of larger numbers of people, could not continue, even though the pandemic continues, because our judicial system, and the criminal justice system in particular, must have some capacity to resolve cases by trial, and our trial courts have accumulated many cases that are awaiting trial. The September 10 order directed the Chief Judge of each superior court to convene for each county in his or her circuit a local committee of judicial system participants to develop detailed guidelines for the safe resumption of jury trials in the county, utilizing the "Guidance for Resuming Jury Trials" included in the Appendix to this order. The October 10 order authorized the Chief Judge of each trial court, in his or her discretion, to resume the jury trial process if local conditions allow and the Chief Judge, in collaboration with the local committee, has developed and issued a final jury trial plan. A number of courts have already issued their plans to safely resume jury trials, and many more are in the process of developing those plans with their local committees.

It should be recognized that grand jury hearings and jury trials will not actually start until a month or longer after the process for resuming them begins in a particular county or court, due to the time required to summon potential jurors for service. It also should be recognized that there are substantial backlogs of unindicted and untried cases, and due to ongoing public health precautions, these proceedings will not occur at the scale or with the speed they occurred before the pandemic. Thus, while our justice system must resume moving cases to indictment and trial as rapidly as can be done safely, **statutory deadlines based on indictments and jury trials will remain suspended and tolled.** As grand jury proceedings resume, however, the deadlines in OCGA §§ 17-7-50 and 17-7-50.1 for presenting cases involving detained defendants to a grand jury may be reimposed. This will be done with at least 30 days prior notice, but where grand jury proceedings are occurring, district attorneys should already be prioritizing these cases to reduce backlogs.

**As noted in prior orders, each court's plans for conducting jury trials, grand jury proceedings, and other in-person proceedings may need to be revised — and proceedings delayed, canceled,  or**

2

done remotely — based on changing local circumstances. Recent public health reports indicate that COVID-19 conditions are worsening dramatically in many parts of the State. While this order does not impose a blanket shutdown of non-essential in-person court proceedings, courts should remain vigilant of changing COVID-19 conditions and be prepared to suspend jury trials as necessary and to reconsider grand jury proceedings as well. All courts are again urged to utilize technology to conduct proceedings remotely to the fullest extent practicable and lawful. For all remaining in-person proceedings, courts must conduct the proceedings in compliance with public health guidance and should manage case calendars so as to minimize the number of participants gathering both in the courtroom and in common areas outside of courtrooms.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely. This order again delineates the health precautions required for all in-person judicial proceedings and requires courts to adopt and maintain operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Wednesday, December 9, 2020, at 11:59 p.m., is further **extended until Friday, January 8, 2021, at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as-extended; **the provisions of this order below are identical to the November 9 extension order.** Where this order refers to "public health guidance," courts should consider the most

3

specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

## I.   Grand Jury Proceedings and Jury Trials

### (A)   Grand Jury Proceedings Authorized

(1)   The Chief Judge of each superior court, in his or her discretion after consulting with the District Attorney, may resume grand jury proceedings in person or remotely (where consistent with law), if doing so can be done safely and in compliance with public health guidance based on local conditions. When a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety. Guidance for safely conducting in-person grand jury proceedings, based on recommendations from the Judicial COVID-19 Task Force, and guidance on conducting remote grand jury proceedings are included in the Appendix to this order.

(2)   Courts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment.

### (B)   Jury Trials Authorized; Local Committees to Develop County Jury Trial Guidelines

(1)   As directed in the September 10 extension order, every county should have in place a local committee of judicial system participants, convened by the Chief Judge of the county's superior court, which is charged with developing a plan for safely resuming jury trials in the county as further described in the "Guidance for Local Committees on Resuming Jury Trials" included in the Appendix to this order. The local committees should utilize the "Guidance for Resuming Jury Trials" also included in the Appendix in developing their plans, which must be submitted to the Administrative Office of the Courts (AOC) as soon as possible and before the jury trial process begins.

(2)   **The blanket suspension of jury trials that had been in place since the March 14 Order was ended effective October 10, 2020.** The Chief Judge of each trial court is authorized, in his or her discretion, to summon new trial jurors and to resume jury trials, if that can be done safely and in accordance with a final jury trial plan developed in collaboration with the local committee and incorporated into the court's written operating guidelines for in-person proceedings discussed in Section IV below. As with grand jury proceedings, when a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety.

(C)   Because there are substantial backlogs of unindicted and untried cases and because grand jury proceedings and jury trials even when resumed will not occur at the scale or with the speed as before the pandemic, deadlines calculated by reference to the date of grand jury proceedings or jury trials, including but not limited to the speedy trial deadlines in OCGA §§ 17-7-170 and 17-7-171 and the deadlines for indicting detained individuals in OCGA §§ 17-7-50 and 17-7-50.1, will remain suspended and tolled as discussed in Section II (A) (1) below.

## II.   Reimposition of Deadlines on Litigants

(A)   The July 10 extension order reimposed all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that had been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands),**

5

**deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials. Statutes of limitation in criminal cases shall also remain tolled until further order.

(2) **All other deadlines imposed on litigants were reimposed effective July 14, 2020,** as further explained below.

(3) In cases that were pending before the March 14 Order, litigants were provided the same amount of time to file or act after July 14 that they had as of March 14.

(4) In cases filed between March 14 and July 13, 2020, the time for deadlines began to run on July 14.

(5) In cases filed on or after July 14, 2020, litigants must comply with the normal deadlines applicable to the case.

(6) If the reimposed deadline falls on a weekend or legal holiday, the deadline will as normal be the next business day. See OCGA § 1-3-1 (d) (3).

(7) Any extension of time for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020, also extended the time for that filing or action after July 14.

(8) Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9) The tolling and suspension of deadlines imposed on litigants in civil and criminal cases that are calculated by reference to terms of court were lifted as of July 14, 2020, and any regular term of

court beginning on or after July 14 counts toward such deadlines. See also the May 4, 2020 "Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court" included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of childcare.

(B)   Recognizing the substantial backlog of pending cases, deadlines imposed on courts shall remain suspended and tolled. All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and practicable.

(C)   If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension orders, the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide order.

(D)   If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

## III.  Proceedings Conducted Remotely Using Technology

(A)   All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons  participating

7

in the proceeding to participate remotely.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on video conferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia Constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV.   In-Person Proceedings Under Guidelines for Safe Operations

(A)   Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia Constitutions and applicable statutes and court rules, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order,

including in particular large calendar calls. **Courts are also prohibited from compelling in-person participation in any court-imposed alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.**

(C) **Each court shall develop and implement operating guidelines** as to how in-court proceedings generally and particular types of proceedings, including grand jury proceedings and jury trials, will be conducted to protect the health of litigants, lawyers, jurors, judges, court personnel, and the public.

(1)   The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

(2)   With regard to everyone who works in a court facility, the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Ninth Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3)   When there is reason to believe that anyone who works at or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified, and **notification** of persons who may have been exposed shall occur as directed by DPH or the local health department.

(D)   Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines, and should seek to coordinate operating guidelines with non-judicial

9

entities sharing courthouse facilities.

(E)    Each court must submit its operating guidelines to the AOC at https://georgiacourts.gov/covid-19-court-operating-guidelines-form to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)    Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.    Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)    Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)    No court may disregard the restrictions imposed by the Order as extended and modified.

## VI.   Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the

10

tolling of deadlines should be read in light of the reimposition of deadlines by this order and by orders in specific cases.

## VII.   Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism, including the obligation to engage in discovery in good faith and in a safe manner. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII.   Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website, the AOC will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness.

(D)    Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 9th day of December, 2020, and effective at 11:59 p.m.

Chief Justice Harold D. Melton
Supreme Court of Georgia

12

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by
Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

DPH Ninth Amended Administrative Order for Public Health Control
Measures (November 1, 2020)

Guidance for Resuming In-Person Grand Jury Proceedings
(September 10, 2020)

Guidance for Local Committees on Resuming Jury Trials
(September 10, 2020)

Guidance for Resuming Jury Trials (September 21, 2020)

Guidance for Remote Grand Jury Proceedings (October 26, 2020)

13

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from
the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court
hereto affixed the day and year last above written.

_Thirus S Barnes_ , Clerk

14



SUPREME COURT OF GEORGIA

**FILED**
Administrative Minutes
December 23, 2020

Thérèse S. Barnes
Clerk/Court Executive
SUPREME COURT OF GEORGIA

## ORDER MODIFYING NINTH ORDER
## EXTENDING DECLARATION OF
## STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended nine times, with modifications, by orders issued on April 6, May 11, June 12, July 10, August 11, September 10, October 10, November 9, and December 9, 2020. After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health and that jury trials require the participation of the most individuals, and further recognizing that the novel coronavirus continues to spread dangerously in Georgia, it is determined that the Ninth extension order is hereby modified to amend Section I (B), related to jury trials, as follows:

In response to the recent rapid escalation of COVID-19 cases, and to protect the health and safety of the public and court personnel while continuing to allow access to essential judicial functions, all jury trials not already in progress, including in-person proceedings to select jurors, are prohibited; this suspension of in-person jury trial proceedings is anticipated to continue until at least February. Jury trials in progress as of the date of this order may continue to conclusion at the discretion of the assigned judge. This order also does not preclude the issuance of juror summonses.

All courts are again urged to use technology when practicable and lawful to conduct remote judicial proceedings as a safer alternative to in-

1



person proceedings.   Where remote proceedings are not practicable or lawful, courts are reminded that in-person proceedings must be conducted in full compliance with public health guidance and the other requirements set forth in the Ninth extension order and in light of local conditions.

IT IS SO ORDERED this 23rd day of December, 2020, effective at 11:59 p.m. this day.

_____

Chief Justice Harold D. Melton
Supreme Court of Georgia

 SUPREME COURT OF GEORGIA

December 9, 2020

## NINTH ORDER EXTENDING DECLARATION
## OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended eight times, with modifications, by orders issued on April 6, May 11, June 12, July 10, August 11, September 10, October 10, and November 9, 2020. After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. Courts have also greatly expanded the use of remote proceedings and have resumed limited in-person proceedings that can be conducted safely. In an effort to return to more robust court operations, many of the deadlines imposed by law on litigants in civil and criminal cases that had been suspended, tolled, or extended since the initial March 14 Order were reimposed as of July 14, allowing more pending and newly filed cases to move forward in the judicial process. The September 10 order authorized the Chief Judge of each superior court, in his or her discretion after consultation with the District Attorney, to resume grand jury proceedings if doing so can be done safely and in compliance with public health guidance based on local conditions. A number of courts have utilized this authority, and many more are expected to do so going forward.

1

The October 10 extension order recognized that the blanket prohibition of jury trials, which require the assembly of larger numbers of people, could not continue, even though the pandemic continues, because our judicial system, and the criminal justice system in particular, must have some capacity to resolve cases by trial, and our trial courts have accumulated many cases that are awaiting trial. The September 10 order directed the Chief Judge of each superior court to convene for each county in his or her circuit a local committee of judicial system participants to develop detailed guidelines for the safe resumption of jury trials in the county, utilizing the "Guidance for Resuming Jury Trials" included in the Appendix to this order. The October 10 order authorized the Chief Judge of each trial court, in his or her discretion, to resume the jury trial process if local conditions allow and the Chief Judge, in collaboration with the local committee, has developed and issued a final jury trial plan. A number of courts have already issued their plans to safely resume jury trials, and many more are in the process of developing those plans with their local committees.

It should be recognized that grand jury hearings and jury trials will not actually start until a month or longer after the process for resuming them begins in a particular county or court, due to the time required to summon potential jurors for service. It also should be recognized that there are substantial backlogs of unindicted and untried cases, and due to ongoing public health precautions, these proceedings will not occur at the scale or with the speed they occurred before the pandemic. Thus, while our justice system must resume moving cases to indictment and trial as rapidly as can be done safely, **statutory deadlines based on indictments and jury trials will remain suspended and tolled.** As grand jury proceedings resume, however, the deadlines in OCGA §§ 17-7-50 and 17-7-50.1 for presenting cases involving detained defendants to a grand jury may be reimposed. This will be done with at least 30 days prior notice, but where grand jury proceedings are occurring, district attorneys should already be prioritizing these cases to reduce backlogs.

**As noted in prior orders, each court's plans for conducting jury trials, grand jury proceedings, and other in-person proceedings may need to be revised – and proceedings delayed,**

2

canceled, or done remotely — based on changing local circumstances. Recent public health reports indicate that COVID-19 conditions are worsening dramatically in many parts of the State. While this order does not impose a blanket shutdown of non-essential in- person court proceedings, courts should remain vigilant of changing COVID-19 conditions and be prepared to suspend jury trials as necessary and to reconsider grand jury proceedings as well. All courts are again urged to utilize technology to conduct proceedings remotely to the fullest extent practicable and lawful. For all remaining in–person proceedings, courts must conduct the proceedings in compliance with public health guidance and should manage case calendars so as to minimize the number of participants gathering both in the courtroom and in common areas outside of courtrooms.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely. This order again delineates the health precautions required for all in-person judicial proceedings and requires courts to adopt and maintain operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Wednesday, December 9, 2020, at 11:59 p.m., is further **extended until Friday, January 8, 2021, at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended; **the provisions of this order below are identical to the November 9 extension order.** Where this order refers to "public health guidance," courts should consider the most

3

specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia Department of Public Health (DPH), and their local health departments.

## I.   Grand Jury Proceedings and Jury Trials

### (A)   Grand Jury Proceedings Authorized

(1)   The Chief Judge of each superior court, in his or her discretion after consulting with the District Attorney, may resume grand jury proceedings in person or remotely (where consistent with law), if doing so can be done safely and in compliance with public health guidance based on local conditions. When a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety. Guidance for safely conducting in-person grand jury proceedings, based on recommendations from the Judicial COVID-19 Task Force, and guidance on conducting remote grand jury proceedings are included in the Appendix to this order.

(2)   Courts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment.

### (B)   Jury Trials Authorized; Local Committees to Develop County Jury Trial Guidelines

(1)   As directed in the September 10 extension order, every county should have in place a local committee of judicial system participants, convened by the Chief Judge of the county's superior court, which is charged with developing a plan for safely resuming jury trials in the county as further described in the "Guidance for Local Committees on Resuming Jury Trials" included in the Appendix to this order. The local committees should utilize the "Guidance for Resuming Jury Trials" also included in the Appendix in developing their plans, which must be submitted to the Administrative Office of the Courts (AOC) as soon as possible and before the jury trial process begins.

(2)   **The blanket suspension of jury trials that had been in place since the March 14 Order was ended effective October 10, 2020.** The Chief Judge of each trial court is authorized, in his or her discretion, to summon new trial jurors and to resume jury trials, if that can be done safely and in accordance with a final jury trial plan developed in collaboration with the local committee and incorporated into the court's written operating guidelines for in-person proceedings discussed in Section IV below. As with grand jury proceedings, when a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety.

(C)   Because there are substantial backlogs of unindicted and untried cases and because grand jury proceedings and jury trials even when resumed will not occur at the scale or with the speed as before the pandemic, deadlines calculated by reference to the date of grand jury proceedings or jury trials, including but not limited to the speedy trial deadlines in OCGA §§ 17-7-170 and 17-7-171 and the deadlines for indicting detained individuals in OCGA §§ 17-7-50 and 17-7-50.1, will remain suspended and tolled as discussed in Section II (A) (1) below.

## II.   Reimposition of Deadlines on Litigants

(A)   The July 10 extension order reimposed all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that had been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury**

5

**trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non-jury (bench) trials. Statutes of limitation in criminal cases shall also remain tolled until further order.

(2)   **All other deadlines imposed on litigants were reimposed effective July 14, 2020,** as further explained below.

(3)   In cases that were pending before the March 14 Order, litigants were provided the same amount of time to file or act after July 14 that they had as of March 14.

(4)   In cases filed between March 14 and July 13, 2020, the time for deadlines began to run on July 14.

(5)   In cases filed on or after July 14, 2020, litigants must comply with the normal deadlines applicable to the case.

(6)   If   the reimposed deadline falls on a weekend or legal holiday, the deadline will as normal be the next business day. See OCGA § 1-3-1 (d) (3).

(7)   Any extension of time for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020, also extended the time for that filing or action after July 14.

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed on litigants in civil and criminal cases that are calculated by reference to

6

terms of court were lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 counts toward such deadlines. See also the May 4, 2020 "Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court" included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of childcare.

(B)   Recognizing the substantial backlog of pending cases, deadlines imposed on courts shall remain suspended and tolled. All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and practicable.

(C)   If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension orders, the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide order.

(D)   If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

## III.   Proceedings Conducted Remotely Using Technology

(A)   All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating

7

in the proceeding to participate remotely.

(B)   Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on video conferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia Constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV.   In-Person Proceedings Under Guidelines for Safe Operations

(A)   **Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia Constitutions and applicable statutes and court rules,** including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   **No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order,**

8

including in particular large calendar calls. **Courts are also prohibited from compelling in-person participation in any court-imposed alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.**

(C) **Each court shall develop and implement operating guidelines** as to how in-court proceedings generally and particular types of proceedings, including grand jury proceedings and jury trials, will be conducted to protect the health of litigants, lawyers, jurors, judges, court personnel, and the public.

(1) The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

(2) With regard to everyone who works in a court facility, the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Ninth Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3) When there is reason to believe that anyone who works at or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified, and **notification** of persons who may have been exposed shall occur as directed by DPH or the local health department.

(D) Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines, and should seek to coordinate operating guidelines with non-judicial

9

entities sharing courthouse facilities.

(E)     Each court must submit its operating guidelines to the AOC at https://georgiacourts.gov/covid-19-court-operating-guidelines-form to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)     Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)     Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)     No court may disregard the restrictions imposed by the Order as extended and modified.

## VI.  Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/.  Guidance related to the

tolling of deadlines should be read in light of the reimposition of deadlines by this order and by orders in specific cases.

## VII.  Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism, including the obligation to engage in discovery in good faith and in a safe manner. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII.  Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website, the AOC will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19-preparedness.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 9th day of December, 2020, and effective at 11:59 p.m.

_____
Chief Justice Harold D. Melton
Supreme Court of Georgia

12

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

DPH Ninth Amended Administrative Order for Public Health Control Measures (November 1, 2020)

Guidance for Resuming In-Person Grand Jury Proceedings (September 10, 2020)

Guidance for Local Committees on Resuming Jury Trials (September 10, 2020)

Guidance for Resuming Jury Trials (September 21, 2020)

Guidance for Remote Grand Jury Proceedings (October 26, 2020)

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police Georgia
Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

SUPREME COURT OF THE STATE OF GEORGIA
Clerk's Office, Atlanta

I certify that the above is a true extract from the
minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court
hereto affixed the day and year last above written.

_Thirie S. Bame_ Clerk

14



SUPREME COURT OF GEORGIA

| FILED |
| --- |
| Administrative Minutes |
| January 8, 2021 |
| Thérèse S. Barnes |
| Clerk/Court Executive |
| SUPREME COURT OF GEORGIA |

# TENTH ORDER EXTENDING DECLARATION
## OF STATEWIDE JUDICIAL EMERGENCY

On March 14, 2020, in response to the COVID-19 pandemic, the Honorable Harold D. Melton, as the Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to OCGA § 38-3-61. That Order has been extended nine times, with modifications, by orders issued on April 6, May 11, June 12, July 10, August 11, September 10, October 10, November 9, and December 9, 2020 (with Section I (B) relating to conducting jury trials modified on December 23, 2020). After consulting with the Judicial Council of Georgia and other judicial partners, recognizing again that most in-court proceedings compel the attendance of various individuals rather than allowing them to decide how best to protect their own health, and further recognizing that the novel coronavirus continues to spread in Georgia, it is hereby determined that the Order should be extended again.

Courts in Georgia have continued to perform essential functions despite the pandemic. Courts have also greatly expanded the use of remote proceedings and have resumed limited in-person proceedings that can be conducted safely. In an effort to return to more robust court operations, many of the deadlines imposed by law on litigants in civil and criminal cases that had been suspended, tolled, or extended since the initial March 14 Order were reimposed as of July 14, allowing more pending and newly filed cases to move forward in the judicial process. The September 10 order authorized the Chief Judge of each superior court, in his or her discretion after consultation with the District Attorney, to resume grand jury proceedings if doing so can be done safely and in compliance with public health guidance based on local conditions. A number of courts have utilized this authority, and many more are expected to do so going forward.



PLAINTIFF'S
EXHIBIT

The October 10 extension order recognized that the blanket prohibition of jury trials, which require the assembly of larger numbers of people, could not continue, even though the pandemic continues, because our judicial system, and the criminal justice system in particular, must have some capacity to resolve cases by trial, and our trial courts have accumulated many cases that are awaiting trial. The September 10 order directed the Chief Judge of each superior court to convene for each county in his or her circuit a local committee of judicial system participants to develop detailed guidelines for the safe resumption of jury trials in the county, utilizing the "Guidance for Resuming Jury Trials" included in the Appendix to this order. The October 10 order authorized the Chief Judge of each trial court, in his or her discretion, to resume the jury trial process if local conditions allow and the Chief Judge, in collaboration with the local committee, has developed and issued a final jury trial plan. A number of courts have already issued their plans to safely resume jury trials, and many more are in the process of developing those plans with their local committees.

Because of the escalating danger presented by the significant increase in COVID-19 cases late in 2020, however, the December 9 order was modified on December 23 to prohibit jury trials not already in progress. That prohibition is continued in this order, as specified in Section I (B) below. As stated in the modified order, **all courts are again urged to use technology, when practicable and lawful, to conduct remote judicial proceedings as a safer alternative to in-person proceedings. Where remote proceedings are not practicable or lawful, courts are reminded that in-person proceedings must be conducted in full compliance with public health guidance and the other requirements set forth in this order and in light of local conditions. In particular, courts should manage case calendars to minimize the number of participants gathering both in the courtroom and in common areas outside of courtrooms.**

It should be recognized that grand jury hearings and jury trials will not actually start until a month or longer after the process for resuming them begins in a particular county or court, due to the time required to

2

summon potential jurors for service. It also should be recognized that there are substantial backlogs of unindicted and untried cases, and due to ongoing public health precautions, these proceedings will not occur at the scale or with the speed they occurred before the pandemic. Thus, while our justice system must resume moving cases to indictment and trial as rapidly as can be done safely, **statutory deadlines based on indictments and jury trials will remain suspended and tolled.** As grand jury proceedings resume, however, the deadlines in OCGA §§ 17-7-50 and 17-7-50.1 for presenting cases involving detained defendants to a grand jury may be reimposed. This will be done with at least 30 days prior notice, but where grand jury proceedings are occurring, district attorneys should already be prioritizing these cases to reduce backlogs.

As has been the direction since the original Order, all Georgia courts must continue to conduct proceedings, remotely or in-person, in compliance with public health guidance, applicable statutes and court rules, and the requirements of the United States and Georgia Constitutions, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom. All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely. This order again delineates the health precautions required for all in-person judicial proceedings and requires courts to adopt and maintain operating guidelines consistent with the Georgia Court Reopening Guide and any more specific local public health guidance.

Accordingly, the Order Declaring Statewide Judicial Emergency, which would have expired on Friday, January 8, 2021, at 11:59 p.m., is further **extended until Sunday, February 7, 2021, at 11:59 p.m.** All Georgia courts shall continue to operate under the restrictions set forth in that Order as extended; **the provisions of this order below are identical to the December 9 extension order except Section I (B) relating to jury trials.** Where this order refers to "public health guidance," courts should consider the most specific current guidance provided by the federal Centers for Disease Control and Prevention (CDC), the Georgia

Department of Public Health (DPH), and their local health departments.

## I.    Grand Jury Proceedings and Jury Trials

### (A)    Grand Jury Proceedings Authorized

(1)    The Chief Judge of each superior court, in his or her discretion after consulting with the District Attorney, may resume grand jury proceedings in person or remotely (where consistent with law), if doing so can be done safely and in compliance with public health guidance based on local conditions. When a Chief Judge exercises this authority, he or she must provide sufficient notice to the appropriate clerk of court or court administrator to allow the process of summoning potential jurors, and potential jurors should be informed in advance about the practices that the court will use to ensure their safety. Guidance for safely conducting in-person grand jury proceedings, based on recommendations from the Judicial COVID-19 Task Force, and guidance on conducting remote grand jury proceedings are included in the Appendix to this order.

(2)    Courts and counsel are reminded that many criminal cases may proceed on accusation and do not require a grand jury indictment.

### (B)    Jury Trials Prohibited; Local Committees to Develop County Jury Trial Guidelines

(1)    In response to the recent rapid escalation of COVID-19 cases, and to protect the health and safety of the public and court personnel while continuing to allow access to essential judicial functions, all jury trials not already in progress, including in-person proceedings to select jurors, are prohibited.  This order does not preclude the issuance of juror summonses.

(2)    As directed in the September 10 extension order, before jury trials resume, every county should have in place a local committee of judicial system participants, convened by the Chief Judge of the county's

4

superior court, which is charged with developing a plan for safely resuming jury trials in the county as further described in the "Guidance for Local Committees on Resuming Jury Trials" included in the Appendix to this order. The local committees should utilize the "Guidance for Resuming Jury Trials" also included in the Appendix in developing their plans, which must be submitted to the Administrative Office of the Courts (AOC) as soon as possible and before the jury trial process begins.

(C)   Because there are substantial backlogs of unindicted and untried cases and because grand jury proceedings and jury trials even when resumed will not occur at the scale or with the speed as before the pandemic, deadlines calculated by reference to the date of grand jury proceedings or jury trials, including but not limited to the speedy trial deadlines in OCGA §§ 17-7-170 and 17-7-171 and the deadlines for indicting detained individuals in OCGA §§ 17-7-50 and 17-7-50.1, will remain suspended and tolled as discussed in Section II (A) (1) below.

## II.   Reimposition of Deadlines on Litigants

(A)   The July 10 extension order reimposed all deadlines and other time schedules and filing requirements (referred to collectively herein as "deadlines") that are imposed **on litigants** by statutes, rules, regulations, or court orders in civil and criminal cases and administrative actions and that had been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order Declaring Statewide Judicial Emergency, as extended, on the following schedule and with the following exceptions and conditions:

(1)   Consistent with Section I above, **deadlines for jury trial proceedings (including statutory speedy trial demands), deadlines for grand jury proceedings, and deadlines calculated by reference to the date of a civil or criminal jury trial or grand jury proceeding shall remain suspended and tolled.** This provision does not apply to deadlines calculated by reference to the date of non- jury (bench) trials. Statutes of limitation in criminal cases shall also remain tolled until further order.

5

(2)   **All other deadlines imposed on litigants were reimposed effective July 14, 2020**, as further explained below.

(3)   In cases that were pending before the March 14 Order, litigants were provided the same amount of time to file or act after July 14 that they had as of March 14.

(4)   In cases filed between March 14 and July 13, 2020, the time for deadlines began to run on July 14.

(5)   In cases filed on or after July 14, 2020, litigants must comply with the normal deadlines applicable to the case.

(6)   If   the reimposed deadline falls on a weekend or legal holiday, the deadline will as normal be the next business day. See OCGA § 1-3-1 (d) (3).

(7)   Any extension of time for a litigant's filing or action that was granted by a court, or was agreed or consented to by the litigants as authorized by law, before July 14, 2020, also extended the time for that filing or action after July 14.

(8)   Litigants may be entitled to additional time based on the provisions of a local judicial emergency order applicable to their case if such an order tolled applicable deadlines before the March 14, 2020 Order Declaring Statewide Judicial Emergency or tolls applicable deadlines after July 14, 2020.

(9)   The tolling and suspension of deadlines imposed on litigants in civil and criminal cases that are calculated by reference to terms of court were lifted as of July 14, 2020, and any regular term of court beginning on or after July 14 counts toward such deadlines. See also the May 4, 2020 "Guidance on Deadlines and Time Limits Defined by Reference to Terms of Court" included in the Appendix.

(10)   The 122 days between March 14 and July 14, 2020, or

6

any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation.

(11)   Litigants may apply in the normal way for extensions of reimposed deadlines for good cause shown, and courts should be generous in granting extensions particularly when based upon health concerns, economic hardship, or lack of childcare.

(B)   Recognizing the substantial backlog of pending cases, deadlines imposed on courts shall remain suspended and tolled. All courts should nevertheless work diligently to clear the backlog and to comply with usual deadlines and timetables to the extent safe and practicable.

(C)    If before July 14 a court reimposed deadlines by order in a specific case based on the authority to do so granted by prior extension orders, the case-specific order reimposing deadlines shall control over the deadlines for the same filings or actions reimposed by this statewide order.

(D)   If in a divorce or adoption case a time period required by law actually passed or passes before the court entered or enters a consent order, consent judgment, or consent decree regarding the divorce or adoption, such order, judgment, or decree shall not be invalid based on any suspension or tolling of the applicable period by the March 14 Order as extended.

## III.   Proceedings Conducted Remotely Using Technology

(A)    All courts should continue to use and increase the use of technology to conduct remote judicial proceedings as a safer alternative to in-person proceedings, unless required by law to be in person or unless it is not practicable for technical or other reasons for persons participating in the proceeding to participate remotely.

(B)    Courts should understand and utilize the authority provided and clarified by the emergency amendments made to court rules on video conferences and teleconferences.

(C)   Courts may compel the participation of litigants, lawyers, witnesses, and other essential personnel in remote judicial proceedings, where allowed by court rules (including emergency amendments thereto). Such proceedings, however, must be consistent with public health guidance, must not impose undue burdens on participants, and must not be prohibited by the requirements of the United States or Georgia Constitutions or applicable statutes or court rules.

(D)   In civil, criminal, juvenile, and administrative proceedings, litigants may expressly consent in the record to remote proceedings not otherwise authorized and affirmatively waive otherwise applicable legal requirements.

(E)   Courts must ensure the public's right of access to judicial proceedings and in all criminal cases, unless affirmatively waived in the record, a criminal defendant's rights to confrontation and an open courtroom.

## IV.   In-Person Proceedings Under Guidelines for Safe Operations

(A)   **Courts have discretion to conduct in-person judicial proceedings, but only in compliance with public health guidance and with the requirements of the United States and Georgia Constitutions and applicable statutes and court rules**, including the public's right of access to judicial proceedings and a criminal defendant's rights to confrontation and an open courtroom.

(B)   **No court may compel the attendance of any person for a court proceeding if the court proceeding or the court facility in which it is to be held is not in compliance with this order,** including in particular large calendar calls. **Courts are also prohibited from compelling in-person participation in any court-imposed alternative dispute resolution session that is to be conducted in a manner inconsistent with applicable public health guidelines.**

8

(C)   **Each court shall develop and implement operating guidelines** as to how in-court proceedings generally and particular types of proceedings, including grand jury proceedings and jury trials, will be conducted to protect the health of litigants, lawyers, jurors, judges, court personnel, and the public.

(1)   The Judicial Council Strategic Planning Committee and the Judicial COVID-19 Task Force have issued a bench card entitled "Georgia Court Reopening Guide," which is included in the Appendix and should be used as the template for such operating guidelines, which at a minimum should include all subject matters contained therein. Courts should also consider guidance from local health departments and guidance provided by CDC and DPH; if local public health guidance is more restrictive than the bench card, the local public health guidance should be followed instead.

(2)   With regard to everyone who works in a court facility, the operating guidelines shall require **isolation** of any person with known or suspected COVID-19 and **quarantine** of any person with COVID-19 exposure likely to result in infection, in accordance with the DPH Tenth Amended Administrative Order for Public Health Control Measures, a link to which may be found in the Appendix, or any subsequent version thereof.

(3)   When there is reason to believe that anyone who works at or has visited a court facility has been exposed to COVID-19, DPH or the local health department shall be notified, and **notification** of persons who may have been exposed shall occur as directed by DPH or the local health department.

(D)   Courts of different classes that share courthouse facilities or operate in the same county should coordinate their operating guidelines, and should seek to coordinate operating guidelines with non-judicial entities sharing courthouse facilities.

(E)   Each court must submit its operating guidelines to the AOC at https://georgiacourts.gov/covid-19-court-operating-guidelines-form to be posted at https://georgiacourts.gov/covid-19-court-operating-guidelines/ as

9

a centralized website available to litigants, lawyers, and the public. Operating guidelines also should be prominently posted at courthouse entrances and on court and local government websites to provide advance notice to litigants, lawyers, and the public.

(F)   Operating guidelines shall be modified as public health guidance is modified, and shall remain in effect until public health guidance indicates that they are no longer required.

## V.   Discretion of Chief Judges to Declare More Restrictive Local Judicial Emergencies

(A)   Nothing in the Order Declaring Statewide Judicial Emergency as extended and modified limits the authority of the Chief Judge of a superior court judicial circuit under OCGA §§ 38-3-61 and 38-3-62 to add to the restrictions imposed by the statewide judicial emergency, if such additional restrictions are constitutional, necessitated by local conditions, and to the extent possible ensure that courthouses or properly designated alternative facilities remain accessible to carry out essential judicial functions. A Chief Judge may impose such additional restrictions only by a properly entered order.

(B)   No court may disregard the restrictions imposed by the Order as extended and modified.

## VI.   Guidance on Application of the Order

Included in the Appendix are several guidance documents that clarify the application of the order in particular contexts. Additional guidance documents may be posted on the AOC's website at https://georgiacourts.gov/judicial-council/aoc/. Guidance related to the tolling of deadlines should be read in light of the reimposition of deadlines by this order and by orders in specific cases.

## VII.   Professionalism

With regard to all matters in this challenging time, all lawyers are reminded of their obligations of professionalism, including the obligation to engage in discovery in good faith and in a safe manner. Judges are also reminded of their obligation to dispose of all judicial matters promptly and efficiently, including by insisting that court officials, litigants, and their lawyers cooperate with the court to achieve that end, although this obligation must not take precedence over the obligation to dispose of matters fairly and with patience, which requires sensitivity to health and other concerns raised by court officials, litigants and their lawyers, witnesses, and others.

## VIII. Notice Provisions

(A)   Notice will be provided as to the expected termination of the Order as extended and modified at least one week in advance to allow courts to plan for the transition to fuller operations.

(B)   The clerks and court administrators of trial courts that conduct jury trials and convene grand juries will be provided sufficient notice of the resumption of jury proceedings to allow the complicated process of summoning potential jurors to be completed.

(C)   The impact of COVID-19 varies across the state, and the level of response and adjustment will likewise vary among courts. Courts should make available to the public the steps they are taking to safely increase operations while responding to the COVID-19 pandemic. Recognizing that not all courts have a social media presence or website, the AOC will continue to post court-specific information as it becomes available on the AOC website at https://georgiacourts.gov/covid-19- preparedness.

(D)   Pursuant to OCGA § 38-3-63, notice and service of a copy of this order shall immediately be sent to the judges and clerks of all courts in this State and to the clerk of the Court of Appeals of Georgia, such service to be accomplished through means to assure expeditious receipt, which include

electronic means. Notice shall also be sent to the media, the State Bar of Georgia, and the officials and entities listed below and shall constitute sufficient notice of the issuance of this order to the affected litigants, counsel for the affected litigants, and the public.

IT IS SO ORDERED this 8th day of January, 2021, and effective at 11:59 p.m.

_____
Chief Justice Harold D. Melton
Supreme Court of Georgia

12

# APPENDIX

Guidance on Tolling of Filing Deadlines (March 27, 2020)

Guidance on Tolling of Statutes of Limitation (April 6, 2020)

Guidance on Deadlines and Time Limits Defined by
Reference to Terms of Court (May 4, 2020)

Guidance on Grand Juries (May 4, 2020)

Further Guidance on Grand Juries (May 11, 2020)

Georgia Court Reopening Guide (June 11, 2020)

DPH Tenth Amended Administrative Order for Public Health Control
Measures (December 4, 2020)

Guidance for Resuming In-Person Grand Jury Proceedings
(September 10, 2020)

Guidance for Local Committees on Resuming Jury Trials
(September 10, 2020)

Guidance for Resuming Jury Trials (September 21, 2020)

Guidance for Remote Grand Jury Proceedings (October 26, 2020)

13

Governor Brian P. Kemp
Lt. Governor Geoff Duncan
Speaker David Ralston
State Bar of Georgia
Administrative Office of the Courts
Judicial Council of Georgia
Council of Superior Court Clerks of Georgia
Department of Juvenile Justice
Criminal Justice Coordinating Council
Council of Accountability Court Judges
Georgia Commission on Dispute Resolution
Institute of Continuing Judicial Education of Georgia
Georgia Council of Court Administrators
Chief Justice's Commission on Professionalism
Judicial Qualifications Commission
Association County Commissioners of Georgia
Georgia Municipal Association
Georgia Sheriffs' Association
Georgia Association of Chiefs of Police
Georgia Public Defender Council
Prosecuting Attorneys' Council of Georgia
Department of Corrections
Department of Community Supervision
Georgia Court Reporters Association
Board of Court Reporting
State Board of Pardons and Paroles
Constitutional Officers Association of Georgia
Council of Magistrate Court Clerks
Council of Municipal Court Clerks

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from
the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court
hereto affixed the day and year last above written.

_Thérèse S. Barnes_ , Clerk

14

No. _21A00288_____

Date Summons Issued and Filed
_1/21/2021_____

/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

[ ]   **ANSWER**

[ ]   **JURY**

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

_Lorinda Wineburg_
_508 Ashford Parkway, Atlanta, GA 30338_
(Plaintiff's name and address)

vs.

_Family Dollar Stores of Georgia, LLC_
_Family Dollar Stores of Georgia, Inc._
_MBC Development, LP_
_MBC Properties, LP_
_Dollar Tree Stores Inc._
_Alexandria Ventures II, LL; and_
_X, Y Individual(s) +/or Z Corporation(s)_
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:** _Family Dollar Stores of Georgia, Inc._

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

_Bill Buchanan, LLC, Attorney at Law_
(Name)
_P.O. Box 5581, Columbus, GA 3906_
(Address)
_(706) 641-2455_                    _144226_
(Phone Number)                    (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

| | |
|---|---|
| _____ | _____ |
| Defendant's Attorney | Third Party Attorney |
| _____ | _____ |
| _____ | _____ |
| Address | Address |
| Phone No. _____ Georgia Bar No. _____ | Phone No. _____ Georgia Bar No. _____ |

**TYPE OF SUIT**

☐ Account          ☑ Personal Injury
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice
☐ Trover           ☐ Product Liability
                   ☐ Other

☐ Transferred From _____

Principal       $ _____

Interest        $ _____

Atty Fees       $ _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

Copy from re:SearchGA